Judith G. McFADDEN, Appellant,

v.

David E. McFADDEN, Respondent.

No. WD 66068.

Missouri Court of Appeals,
Western District.

Sept. 12, 2006.

---

Sharon M. Westhoff, Harrisonville, for Appellant.

Douglas Harris, Warrensburg, for Respondent.

Before JOSEPH M. ELLIS, P.J., ROBERT G. ULRICH, and RONALD R. HOLLIGER, JJ.

ROBERT G. ULRICH, Judge.

Judith McFadden (Mother) appeals from the judgment of the trial court in favor of David McFadden (Father), which determined that Father did not have a duty to pay child support from January through July 2005 and ordered Mother to reimburse Father $2,186.07 for son Brian McFadden's failure to provide Father with documentation regarding Brian's attendance at and completion of courses in higher education as required by section 452.340.5.[1] She contends that the trial court misapplied the law in finding that she and Brian were required under the statute to provide proof of Brian's completion of the fall semester of 2004 at an institution of higher learning because the dissolution judgment ordering child support was not entered until December 2004. The judgment of the trial court is affirmed.

### Facts

The marriage of the parties was dissolved by judgment entered December 23, 2004. The judgment contained a parenting plan for their son, Brian, who was twenty years old and attending college, and ordered Father to pay child support in accordance with Rule 88.01 in the amount of $190 per month for November and December 2004 and in the amount of $443 per month effective January 1, 2005. In April 2005, Mother, who worked for the Division of Child Support Enforcement, initiated an involuntary withholding of Father's income for Father's failure to pay child support. In response, Father filed a Motion to Quash Wage Withholding and to Abate Support. He argued that Mother and Brian failed to provide proof of successful completion of the fall semester of 2004 and of enrollment for the spring semester of 2005 as required by section 452.340.5 causing his support obligation to abate. After a hearing on the matter, the trial court entered its judgment in October 2005 finding that neither Mother nor Brian provided Father with proof of completion of the fall semester of 2004 and that such failure caused an abatement of support from January through July 2005. The court ordered Mother to reimburse Father for such overpayment in the amount of $2,186.07. This appeal by Mother followed.

### Father's Motion to Dismiss Mother's Appeal

Initially, Father's motion to dismiss the appeal, which was taken with the case, is addressed. Father claimed that Mother's appeal is moot because Mother made voluntary payment of the judgment against her on January 11, 2006. "A cause of action is moot when the question presented for determination would not have any practical effect upon an existing controversy." *Laas v. Wright,* 191 S.W.3d 93, 96 (Mo.App. S.D.2006). When a party voluntarily pays a judgment against her, the issue is settled, and the question is moot. Id. An involuntary satisfaction of judgment

---

1. All statutory references are to RSMo Cum. Supp.2005 unless otherwise indicated.

does not, however, render an appeal moot. *Id.* A court may receive and consider matters outside of the record to determine whether satisfaction of a judgment was voluntary or involuntary. *Id.*

■ Father attached to his motion to dismiss a case party fee report from the circuit court showing payment of $2,186.07 by Mother into the registry of the court on January 17, 2006. She responded to the motion to dismiss arguing that she went to the court for the purpose of posting a bond as counsel advised her and that any appearance that she satisfied the judgment as opposed to posting a bond should not be construed as such. Rules 81.09 and 81.10 provide the process for filing a supersedes bond. Mother did not follow this process. Her failure to follow the proper procedure for filing a supersedes bond does not, however, render her payment into the registry of the circuit court a voluntary satisfaction of judgment. Father admitted in his motion that he has taken no action to execute on the judgment, and nothing indicates that the money was paid into the court to satisfy the judgment or out of the circuit court to Father in satisfaction of the judgment. The money remains in the registry of the court, and no order has been entered authorizing its payment to anyone. The motion to dismiss is denied.

## Point on Appeal

In her sole point on appeal, Mother argues that the trial court misapplied the law in finding that she and Brian were required under the statute to provide proof of completion of the fall semester of 2004 (commenced August 2004 and concluded December 2004). She contends that the requirements of section 452.340.5 did not become effective until entry of the judgment in December 2004; therefore, she and Brian were not required to provide proof of completion of coursework for the fall semester of 2004.

■ In a court-tried case, the judgment of the trial court will be affirmed on appeal unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Generally, child support payments may be terminated when the child on whose behalf they are paid reaches the age of eighteen. § 452.340.3(5); *Windsor v. Windsor,* 166 S.W.3d 623, 630 (Mo.App. W.D.2005). Child support will continue to the age of twenty-two, however, if the child is enrolled in an institution of vocational or higher education and the requirements of section 452.340.5 are met. § 452.340.5; *Windsor,* 166 S.W.3d at 630. Section 452.340.5 provides, in pertinent part:

If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-two, whichever first occurs. To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course,

and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course. . . .

In construing the statute, the Missouri Supreme Court held that the provisions of section 452.340.5 contemplate proof of eligibility for child support on a semester-by-semester basis. *In re Marriage of Kohring*, 999 S.W.2d 228, 233 (Mo. banc 1999). Eligibility for child support for the first semester the child attends college may be established simply by providing proof of enrollment. *Id.; Windsor*, 166 S.W.3d at 630. For the second and subsequent semesters, to remain eligible for child support, the child must submit to each parent, at the beginning of each semester, a transcript or similar official document provided by the institution showing the courses in which the child is enrolled and has completed for each semester and the grades and credits received for each completed course. § 452.340.5; *Windsor*, 166 S.W.3d at 630. Additionally, the child must submit an official document from the institution listing the courses in which he is enrolled for the upcoming semester and the number of credits for each.[2] *Id.* If the requirements of section 452.340.5 are not satisfied for a given semester, a parent is relieved of his support obligation for that semester. *Kohring*, 999 S.W.2d at 234; *Windsor*, 166 S.W.3d at 631. But a failure to comply with the statute one semester does not relieve a parent of his child support obligation for future semesters if the statutory requirements are met. Id. The provisions of section 452.340.5 are con-

strued liberally to promote the pursuit of higher education. *Mandel v. Eagleton*, 90 S.W.3d 527, 531 (Mo.App. E.D.2002).

In this case, Brian was twenty years old and already attending college at the time of the parties' divorce. Because Brian was over the age of eighteen at the time of the dissolution judgment in December 2004, Father's obligation to provide child support derived from section 452.340.5, and Brian was required to comply with the specified reporting requirements of that statute to remain eligible for support. The statutory reporting requirements provide parents with sufficient information to determine whether the noncustodial parent is still required to support his child when the child is enrolled in an institution of vocational or higher education. *Lyons v. Sloop*, 40 S.W.3d 1, 7 (Mo.App. W.D.2001). The requirements contemplate proof of eligibility for continued parental support after a child's eighteenth birthday. *Ricklefs v. Ricklefs*, 111 S.W.3d 541, 545 (Mo.App. W.D.2003). Nothing in section 452.340.5 indicates, as Mother suggests, that the legislature intended that a child is relieved of the reporting requirements for support owed after entry of the judgment of dissolution merely because proof that he is required to provide reflects facts that took place before the judgment was entered.[3] Similarly, Mother cites no cases to support her contention.

The spring semester of 2005, the first semester after the divorce and the semester about which the parties' dispute Father's obligation to pay child support,

---

2. Although the statute speaks in terms of the child providing the requisite information, it has been interpreted to mean that the statutory requirements are satisfied if either the child or the child support obligee provides the information to the child support obligor. *Windsor*, 166 S.W.3d at 630–31.

3. If the legislature desires that a child not be obligated to report information of academic performance completed before a judgment awarding child support is entered, it may modify the statute as it deems appropriate.

was not Brian's first semester of college. Section 452.340.5 specifically articulates the child's reporting requirements to each parent and includes the requirement for child support eligibility that the child submit, at the beginning of each semester, a transcript or similar document provided by the institution that includes "the courses the child is enrolled in or has completed for each term, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each course." Brian was required to comply with the reporting requirements set out in section 452.340.5 for the second and subsequent semesters of college. He did not, however, provide Father with official documentation showing the courses completed and grades and credits received for those courses taken during the fall 2004 semester. He, therefore, failed to comply with the legislature-mandated requirements to demonstrate eligibility for support from January through July 2005. Father did not voluntarily pay child support for the period, and his wages were withheld.[4] The trial court did not err in finding that Father's child support obligation ceased for the period and ordering Mother to reimburse Father to the sum of $2,186.07. The point is denied.

The judgment of the trial court is affirmed.

ELLIS, P.J., and HOLLIGER, J., concur.

---

4. Voluntary overpayment of child support is not refundable. *Peine v. Peine*, 200 S.W.3d 567, 2006 WL 2594521 (Mo.App.W.D. 2006)(WD65017, decided September 12, 2006); *Jansen v. Westrich*, 95 S.W.3d 214, 220 (Mo.App.S.D.2003); *See also Carey v. Carey*, 84 S.W.3d 469, 473 (Mo.App. E.D.2002).