Katherine Adrian WIEST, Petitioner–Respondent,

v.

Gerald Vincent WIEST, Respondent–Appellant.

No. SD 28672.

Missouri Court of Appeals, Southern District, Division One.

Nov. 25, 2008.

Greggory D. Groves, Springfield, MO, for Appellant.

John R. Lightner, Springfield, MO, for Respondent.

JEFFREY W. BATES, Judge.

Gerald Wiest (Appellant) appeals from a judgment dissolving his marriage to Katherine Wiest (Respondent). Appellant contends the trial court erred in granting Respondent's request for retroactive child support and awarding her a portion of Appellant's military retirement benefits.

In this court-tried case, our review is governed by Rule 84.13(d). *In re Marriage of Dolence,* 231 S.W.3d 331, 333 (Mo. App.2007).[1] We must affirm the trial court's dissolution judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).[2] As the party challenging the dissolution decree, Appellant bears the burden of demonstrating error. *Elrod v. Elrod,* 192 S.W.3d 738, 740 (Mo.App.2006). This Court views the evidence and all reasonable inferences derived therefrom in a light most favorable to the prevailing party; contrary evidence and inferences are disregarded. *Vanderpool v. Vanderpool,* 250 S.W.3d 791, 795 (Mo.App.2008); *In re Marriage of Gilmore,* 943 S.W.2d 866, 871 (Mo.App.1997). We defer to the trial court's determination of the witnesses' credibility and the weight to be assigned to their testimony. *Dolence,* 231 S.W.3d at 333–34. "The trial court is free to believe all, none, or part of the testimony of any witness." *Youngberg v. Youngberg,* 194 S.W.3d 886, 889 (Mo.App.2006). The foregoing principles have been utilized in summarizing the facts presented at trial.

Appellant and Respondent were married in May 1991 in Neosho, Missouri. Re-

---

1. All references to rules are to Missouri Court Rules (2008).

2. *Murphy* interpreted the provisions of former Rule 73.01(c). The provisions of that rule were transferred, in essentially the same form, to Rule 84.13(d) effective January 1, 2000.

spondent had two children from a prior marriage: John, who was born in February 1982; and Steffen, who was born in June 1987.[3] Appellant adopted the children in November 1993. In January 2002, the couple lived in Rapid City, South Dakota. They separated, and Respondent moved back to Neosho, Missouri, with the children. Respondent and the children resided with her mother.

Respondent filed a dissolution petition in November 2003, but it was never served on Appellant. Although he had agreed to accept service, he failed to do so. Respondent did not seek formal service on Appellant because of his expressed intention to seek relief under the Servicemembers Civil Relief Act.[4] In spite of Respondent's act of filing a dissolution petition, she hoped the marriage was not over. When the case did not move forward, Respondent voluntarily dismissed the petition. Thereafter, Appellant filed his own dissolution petition, but he agreed to voluntarily dismiss it after Respondent asked him to do so. In September 2005, Respondent filed another dissolution petition, but it, too, was eventually voluntarily dismissed. Appellant was putting off the dissolution because he wanted to get back together with Respondent.

While all of this was occurring, Appellant continued to provide support to Respondent and the children after the couple separated. The parties had a joint checking account to which Respondent had access. Appellant allowed Respondent to continue to make withdrawals from the account, and Appellant added new funds to the account as well. Between 2002 and

2006, Respondent withdrew approximately $116,000 from that joint account to pay living expenses and educational costs for herself and the children.[5] Appellant was aware of these expenditures. During that same time frame, Appellant also directly paid another $54,000 in living expenses and educational costs for Respondent and the children.

When Respondent filed her third dissolution petition in January 2006, however, Appellant ceased providing any support and cut off Respondent's access to the joint checking account. As of that date, John was emancipated. Steffen had turned 18 in June 2005, but he was still attending high school in Neosho. In the first semester of his senior year of high school, he took an emergency medical technician (EMT) course at Crowder College (Crowder) and received six hours of college credit. Respondent told Appellant that Steffen was taking this EMT class at Crowder.

Steffen graduated from Neosho High School in the Spring of 2006.[6] In May 2006, he enrolled for 12 credit hours of college classes at Crowder. Respondent did not inform Appellant that Steffen had enrolled as a regular college student at Crowder. Steffen worked 35 hours per week while attending college. He successfully completed nine credit hours during the Fall 2006 semester and enrolled for another nine credit hours during the Spring 2007 semester. Appellant did not receive a copy of Steffen's initial enrollment document(s), his transcript or any notice of how many credit hours Steffen

3. Hereinafter, each boy will be referred to individually by his given name. John and Steffen will be referred to collectively as "the children."

4. See 50 App. U.S.C.A. § 522 (2003).

5. In 2003, Appellant withdrew $135,000 from that account for his own use.

6. The record on appeal does not contain the exact date of Steffen's graduation.

was taking until March 2007.[7] These documents were provided to Appellant only after he had propounded interrogatories requesting the information. Respondent testified, however, that Appellant learned Steffen was in college soon after the January 2006 dissolution petition was filed.

Appellant had served in the United States Air Force from 1973 to 1987. He left the military and obtained a medical degree. In 1994, he returned to the Air Force. He was still on active duty as of the date of trial. Because he had served at least 20 years in the military, he would begin receiving a monthly payment upon retirement. The amount of the monthly payment would depend upon his total years of service and his rank at retirement. Appellant asked that he be awarded 100% of these future payments by the court. Respondent asked that she be awarded a portion of these future payments.

The trial court ordered Appellant to pay child support for Steffen in the amount of $1,217 per month retroactively to January 1, 2006. Respondent was awarded a portion of Appellant's future military retirement benefits. The court entered a qualified domestic relations order that divided the future benefit payments according to this formula: (1) the number of years of Appellant's military service during the marriage would be divided by the number of whole years of total military service; (2) the total benefit payment would be multiplied by this fraction to determine the marital share of the payment; (3) Respondent and Appellant would each receive one-half of this marital share; and (4) the remainder of the benefit payment would

belong to Appellant as his separate, nonmarital property.

Because the court divided the military benefits in this fashion, Appellant was awarded a greater share of the other marital property. There were no marital debts to be divided. Excluding the future military retirement benefits, the court awarded Respondent marital assets valued at $90,137 and ordered Appellant to pay Respondent an additional $15,000. Therefore, Respondent was awarded current net marital assets totaling $105,137. The court also set apart to Respondent her nonmarital property valued at $7,850. Excluding the future military retirement benefits, Appellant was awarded marital assets valued at $145,532. After accounting for the $15,000 payment to Respondent, Appellant was awarded current net marital assets totaling $130,532. The court also set apart to Appellant his nonmarital property, which consisted of $2,500 in personal property and the nonmarital portion of his future military retirement benefits. This appeal followed.

### Point I

In Appellant's first point, he contends the trial court erred in ordering the payment of retroactive child support for Steffen because he was no longer a minor as of the date of trial, and Respondent failed to follow the requirements of § 452.340.5 so as to be entitled to continued child support payments while Steffen attended college.[8] The trial court's authority to award child support in this case is governed by § 452.340, which gives the court the discretionary authority to award child support retroactively to the date the petition was filed. *See* § 452.340.1; *Erickson v.*

---

7. Appellant also did not receive any of these documents directly from Steffen. They had not communicated with one another since approximately December 2005.

8. All references to § 452.340 are to RSMo Cum. Supp. (2005) unless otherwise indicated.

*Blackburn,* 169 S.W.3d 69, 79 (Mo.App. 2005). An appellate court will not reverse absent an abuse of discretion. *In re Marriage of Reese,* 155 S.W.3d 862, 875 (Mo. App.2005).

 The first prong of Appellant's argument is focused upon Steffen's age because he was almost 20 years old when the judgment was entered. Unless a statutory exception applies, a parent's obligation to pay child support generally ceases when the child reaches age 18. § 452.340.3. The relevant exception is found in § 452.340.5. In pertinent part, this subsection states:

> If when a child reaches age eighteen, the child is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue, if the child continues to attend and progresses toward completion of said program, until the child completes such program or reaches age twenty-one, whichever first occurs. . . .

*Id.* Respondent's last dissolution petition was filed on January 12, 2006. At that time, Steffen was still attending Neosho High School. This Court holds that the trial court did not abuse its discretion by deciding to award Respondent retroactive child support while Steffen completed his secondary education. *See* § 452.340.5. The court did abuse its discretion, however, in awarding such support retroactively to January 1, 2006 because the start date of the award predated the filing of the petition. *Id.*

The second prong of Appellant's argument addresses Respondent's alleged failure to comply with the notice and reporting requirements of § 452.340.5 so as to be entitled to continued child support payments while Steffen attended college. Appellant bears the burden of proving that he is entitled to an abatement of child support due to such noncompliance. *See Scott v.*

*Clanton,* 113 S.W.3d 207, 211–12 (Mo.App. 2003); *Harris v. Parman,* 54 S.W.3d 679, 684 (Mo.App.2001). In pertinent part, this subsection of the statute states:

> If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-two, whichever first occurs. To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course. . . . A child who is employed at least fifteen hours per week during the semester may take as few as nine credit hours per semester and remain eligible for child support so long as all other requirements of this subsection are complied with.

§ 452.340.5. Our Supreme Court has interpreted this subsection of the statute to mean that eligibility for parental support is determined "on a term-by-term or semester-by-semester basis." *In re Marriage of*

*Kohring,* 999 S.W.2d 228, 233 (Mo. banc 1999).

■ Eligibility for support during the first semester may be established by proof of enrollment. *Id.* Subsequent appellate decisions have interpreted *Kohring* to mean that some type of documentary proof of enrollment from the institution must be provided to the noncustodial parent in order to establish a continuing child support obligation during the first term or semester. *See, e.g., Waddington v. Cox,* 247 S.W.3d 567, 572 (Mo.App.2008) (conditional letter of acceptance from the college); *Morton v. Myers,* 21 S.W.3d 99, 106 (Mo. App.2000) (copy of a university letter stating the child was registered as a full-time student); *Lyons v. Sloop,* 40 S.W.3d 1, 7 n. 2 (Mo.App.2001) (the child is required to provide the parent with proof of enrollment). This documentary proof of enrollment must be provided by the beginning of the child's first term or semester at the institution. *See Peine v. Peine,* 200 S.W.3d 567, 573 (Mo.App.2006); *Owsley v. Brittain,* 186 S.W.3d 810, 822 (Mo.App. 2006). It is undisputed that neither Respondent nor Steffen provided Appellant with documentary proof of Steffen's enrollment at Crowder by the beginning of the Fall 2006 semester. Therefore, Steffen was not eligible to receive child support during that semester. *See, e.g., Kohring,* 999 S.W.2d at 233; *Shands v. Shands,* 237 S.W.3d 597, 601–02 (Mo.App.2007); *Peine,* 200 S.W.3d at 573. Consequently, the trial court abused its discretion in awarding Respondent retroactive child support for the time period between Steffen's high school graduation and the completion of his first semester at Crowder.

During the Fall 2006 semester, Steffen worked 35 hours per week while going to school and successfully completed classes providing nine hours of college credit. Therefore, he did not become emancipated. *See In re Marriage of Maggi and Wood,* 244 S.W.3d 274, 278 (Mo.App.2008). In order to remain eligible for child support during the Spring 2007 semester, however, either Respondent or Steffen had to comply with the reporting requirements in § 452.340.5. *See McFadden v. McFadden,* 200 S.W.3d 594, 598 n. 2 (Mo.App.2006); *Lyons,* 40 S.W.3d at 7. Thus, by the beginning of that semester, Appellant had to be provided with "a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course...." § 452.340.5; *see Scott v. Clanton,* 113 S.W.3d 207, 213–14 (Mo.App.2003); *Jansen v. Westrich,* 95 S.W.3d 214, 218 (Mo.App.2003). The evidence is undisputed that Respondent first provided these documents to Appellant in March 2007 after he requested the information in discovery. The untimely furnishing of these documents long after the beginning of the Spring 2007 semester did not comply with § 452.340.5. *See, e.g., McFadden,* 200 S.W.3d at 598–99; *Owsley,* 186 S.W.3d at 816; *Windsor v. Windsor,* 166 S.W.3d 623, 633 (Mo.App.2005); *Scott,* 113 S.W.3d at 213–14; *Morton,* 21 S.W.3d at 106–08.[9] Consequently, the trial court abused its discretion in awarding Respondent retroactive child support during the Spring 2007 semester.

Appellant's first point has merit and is granted. The child support award to Respondent is vacated. The case is remand-

---

9. Appellant's actual knowledge of Steffen's college attendance is irrelevant. *Jansen,* 95 S.W.3d at 218; *Ricklefs v. Ricklefs,* 111 S.W.3d 541, 544–45 (Mo.App.2003).

ed for the court to enter an amended judgment consistent with this opinion. In that amended judgment, the court is instructed to award Respondent retroactive child support from January 16, 2006 to the date of Steffen's graduation from Neosho High School. Respondent's claim for retroactive child support between Steffen's high school graduation and the completion of the Spring 2007 semester at Crowder is to be denied. Noncompliance with the notice and reporting requirements of § 452.340.5 during Steffen's first two semesters, however, does not relieve Appellant of his support obligation for future semesters as to which the statutory requirements have been met. *McFadden*, 200 S.W.3d at 598. The court may take additional evidence on this issue to determine whether Appellant is obligated to to pay child support for any time periods after the end of Steffen's Spring 2007 semester at Crowder and his 21st birthday in June 2008. *See Lyons*, 40 S.W.3d at 8; *Ricklefs v. Ricklefs*, 39 S.W.3d 865, 876 (Mo.App.2001).[10]

### Point II

■ In Appellant's second point, he contends the trial court erred in awarding Respondent a portion of Appellant's future military retirement benefits. Appellant argues that the division of this asset was unfair and inequitable because the parties' five-year separation period was included in computing what portion of the benefits was marital property. This Court disagrees.

■ Missouri allows military retirement benefits attributable to service during the marriage to be divided as marital property. *See* 10 U.S.C.A. § 1408 (2006); *Morgan v. Morgan*, 249 S.W.3d 226, 230 (Mo.App.2008); *In re Marriage of Strassner*, 895 S.W.2d 614, 616 (Mo.App.1995). A trial court has broad discretion in the division of marital property, and an appellate court will not disturb that distribution unless it is so heavily and unduly weighted in one party's favor as to amount to an abuse of discretion. *Rodieck v. Rodieck*, 265 S.W.3d 377, 380–81 (Mo.App.2008).

The trial court used the correct formula to determine the marital portion of Appellant's military retirement benefits. *See Gendron v. Gendron*, 996 S.W.2d 668, 670 (Mo.App.1999). Appellant cites no authority, and this Court is aware of none, which would permit the use of the couple's date of separation as the point at which Appellant's military retirement benefits ceased being marital in nature. Furthermore, the trial court was presented with substantial evidence that it was Appellant who delayed the dissolution of the couple's marriage because he wanted to reconcile with Respondent. It was undisputed that Appellant voluntarily provided a large amount of financial support to Respondent and the children during the five-year period of separation. That support ended only when Respondent made it clear in January 2006 that she intended to obtain a dissolution of the marriage.

In any event, Appellant has failed to demonstrate how the trial court's distribution of the marital assets was heavily and unduly weighted in Respondent's favor. Appellant received more of the net marital assets (55.4%) than Respondent (44.6%). The very reason the trial court gave Appellant a greater share of the marital as-

10. The judgment was entered on June 27, 2007. Thereafter, § 452.340.5 was amended. 2007 Mo. Laws 734–35. That amendment took effect on August 28, 2007. 2007 Mo. Laws *vii*. One effect of that amendment was to end a parent's support obligation once a child reached age 21. § 452.340.5 RSMo Cum. Supp. (2007). Steffen reached the age of 21 in June 2008. On remand, the trial court must apply that new limitation in determining what, if any, child support Appellant owes to Respondent.

sets was because Respondent had received one-half of the marital portion of Appellant's military retirement benefits, as she requested. The trial court did not abuse its broad discretion in dividing the couple's marital property. Point II is denied.

The judgment of the trial court is reversed in part, affirmed in part and remanded with directions to enter an amended judgment in conformity with this opinion.

BARNEY, J., and SCOTT, P.J., Concur.