**In re the MARRIAGE OF: Claire NOLAND–VANCE and Brent Vance,**

**Claire Noland–Vance, Petitioner–Appellant,**

**v.**

**Brent Vance, Respondent–Respondent.**

**No. SD 29773.**

Missouri Court of Appeals, Southern District, Division One.

May 2, 2011.

234

234

Frederick G. Thompson, IV, Kansas City, MO, for Appellant.

Edward C. Clausen, Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Presiding Judge.

In a July 2007 judgment dissolving the parties' marriage, Brent Vance (Father) was ordered to pay child support to Claire Noland–Vance (Mother) for Elise and Deanie Noland (hereinafter referred to by their given names and collectively as Daughters). In December 2008, the trial court entered a judgment declaring Daughters to be emancipated because Mother and Daughters failed to comply with the requirements of § 452.340.5.[1] Mother asserts the trial court's ruling was erroneous because: (1) the documents provided to Father substantially complied with the requirements of § 452.340.5; and (2) if there was noncompliance with the statute, Father's child support obligation should only have been abated. Finding no merit in Mother's assertions, we affirm the judgment.

## I. Factual and Procedural Background

Six children were born of the marriage between Father and Mother. In the trial court's July 2007 judgment, the oldest child was determined to be emancipated. Mother was awarded sole legal and physical custody of Elise, who was born in February 1989, and Deanie, who was born in June 1990. Father was ordered to pay child support to Mother for these two children. Father was granted sole legal and physical custody of the three youngest children, and Mother was ordered to pay child support to Father for these three children. Mother's child support obligation was offset by the amount Father was ordered to pay as child support for Elise and Deanie.

---

1. All references to statutes are to RSMo Cum. Supp. (2008). All references to rules are to Missouri Court Rules (2010).

Father was represented by attorney Edward Clausen (Clausen). In April 2008, Clausen filed a motion requesting the trial court to determine that Daughters were emancipated (hereinafter, the April motion). As grounds for the April motion, Clausen asserted that: (1) Father had received "no information whatsoever as to the 'status' of the two oldest children" since the trial a year earlier in April 2007; and (2) he assumed Daughters, who were home-schooled, each had obtained her graduation equivalency degree (GED), but he had no information about whether they had enrolled in college.

On April 22, 2008, the court held a hearing on the April motion. Mother was represented by attorney Frederick Thompson (Thompson). He argued that Daughters were not emancipated, but he did not have any transcripts or school records with him at that time. The trial court advised Thompson that § 452.340 "is very clear on duties" and asked if Mother was going to produce the transcripts and other information to Father. Thompson agreed to obtain whatever information he could and produce it. The trial court entered an order requiring Mother "to produce all school and educational records as required by Sec. 452.340, RSMo, to [Father's] attorney within 30 days. Said records shall be from September, 2007, through April, 2008" The hearing was continued to July 1, 2008.

On July 1st, the hearing on the April motion resumed. At the outset, the court noted that it had received a letter from Thompson with certain school and educational records attached. A copy of the documents had been sent to Clausen as well. These records, which pertained only to Elise, were marked as Exhibit 1 and admitted in evidence.[2] Mother was called as a witness. A summary of her testimony follows.

Elise received her GED certificate in May 2007. She enrolled at the Longview Campus of Metropolitan Community College (Longview) for the Fall 2007 semester. Exhibit 1 showed the classes in which Elise enrolled. Elise completed 13 credit hours of classes that semester. Elise also enrolled at Longview for the Spring 2008 semester and completed 13 hours of classes. She was enrolled at Longview for the Fall 2008 semester. Exhibit 1 contained no information about the grades that Elise had received at Longview. Mother had to testify orally as to her recollection of what Elise's grades were. Mother admitted that she had no information suggesting Elise had given her grades to Father.

Deanie obtained her GED certificate in December 2007 when she was only 17 years old. In January 2008, Deanie enrolled as a full-time student at the World Revival School of Ministry (WRSM) and took 12 hours of classes. During cross-examination, Mother orally testified as to her recollection of what Deanie's grades were. Mother admitted that she had not produced Deanie's grades or any other records from the divinity school. Mother testified that "[w]ithin 10 days I'll get everything from the school that they have." Mother had no information suggesting Deanie had provided any of her school records to Father. The court reminded Mother and Thompson that, with their agreement, an order had been entered in April 2008 requiring Mother to produce Deanie's school records. Mother was ordered to fax those records to the court

---

**2.** This exhibit was not included in the legal file and has not been deposited with this Court.

within 10 days. On August 27, 2008, the trial court made a docket entry denying the April motion.

Despite the court order requiring Mother to produce Deanie's school records by July 11, 2008, there is nothing in the record on appeal showing that Mother did so. On October 30, 2008, Clausen filed a second motion asking the court to declare Daughters emancipated (hereinafter, the October motion). As grounds for the October motion, Clausen asserted that Father had received no further information concerning the current enrollment or educational status of Daughters since the July 2008 hearing.

On November 10, 2008, the trial court held a hearing on the October motion. Thompson said Mother had already given Father the school records that he wanted. Clausen responded that "[t]here was something delivered one night by a stranger to my client's home that apparently—that I don't think is satisfactory." At Clausen's request, the court took judicial notice that Daughters had obtained their GED certificates and were over the age of 18. Thompson asked for additional time to provide copies of the documents that had been delivered to Father. The court then stated:

> I'm going to take it under advisement. I'll give you 20 days to get me an affidavit from whomever this particular individual is with copies of what was attached, affidavits from the children as to what they produced to their father. I'll take that issue under advisement and give you time to get me affidavits with copies of the documents.

Clausen said he had no objection to the court considering the affidavits.

On December 4, 2008, Thompson faxed to the court an affidavit and two pages of school records. The affidavit, which was signed by Luke Ingala (Ingala) on December 4, 2008, stated that he had delivered the two pages of school records to Father on or about October 28, 2008.[3] The second document was a student schedule for Elise for the Fall 2008 semester. The document showed that it had been generated at 2:36 p.m. on December 3, 2008. It showed that Elise was enrolled in five classes during the Fall 2008 semester that would provide a total of 13 credit hours if successfully completed. It did not contain any information concerning the courses in which she had enrolled and completed for the prior two terms or the grades and credits she had received in those courses. The third document was a letter signed by WRSM Administrative Assistant Carol Dasseos. This letter, which was dated December 1, 2008, stated:

> This is to confirm that Deanie Noland is enrolled at World Revival School of Ministry as a full time student. She is enrolled in our Bachelor's Degree Program and is tentatively graduating on 8/10. Currently, she is taking four classes totaling twelve credit hours. Should any other documentation be required please contact me.

On December 12, 2008, the court entered a judgment declaring Daughters to be emancipated. In relevant part, the judgment stated:

1. At [Mother's] request, the Court allowed her additional time to submit documents, Affidavits and school records to the Court prior to its ruling on the above-referenced matter. The Court has considered the materials submitted by [Thompson].

2. [Mother] and [Daughters] have failed to comply with the provisions of § 452.340.5 RSMo. and, therefore,

---

**3.** Thompson did not submit any affidavits from Mother or Daughters.

[Father] no longer owes a duty of support for those children.

This appeal followed.

## II. Standard of Review

■■■ In this court-tried case, our review is governed by Rule 84.13(d). *In re Marriage of Dolence*, 231 S.W.3d 331, 333 (Mo.App.2007). We must affirm the trial court's dissolution judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[4] As the party challenging the judgment, Mother bears the burden of demonstrating error. *Elrod v. Elrod*, 192 S.W.3d 738, 740 (Mo.App.2006). This Court views the evidence and all reasonable inferences derived therefrom in a light most favorable to the prevailing party; contrary evidence and inferences are disregarded. *Vanderpool v. Vanderpool*, 250 S.W.3d 791, 795 (Mo.App.2008). We defer to the trial court's determination of the witnesses' credibility and the weight to be assigned to their testimony. *Dolence*, 231 S.W.3d at 333–34. "The trial court is free to believe all, none, or part of the testimony of any witness." *Youngberg v. Youngberg*, 194 S.W.3d 886, 889 (Mo.App. 2006). In addition, this Court considers all fact issues upon which no specific findings were made to have been found in accordance with the result reached. Rule 73.01(c); *Surrey Condominium Ass'n, Inc. v. Webb*, 163 S.W.3d 531, 536 (Mo.App. 2005).

## III. Discussion and Decision

■■■ "[S]ection 452.340.5 provides for the continuation of child support benefits past the age of eighteen if the child enrolls in an institution of vocational or higher education by the October following their graduation from high school and if certain attendance, academic and notice requirements are met." *Kreutzer v. Kreutzer*, 147 S.W.3d 173, 177 (Mo.App.2004). In relevant part, this subsection states:

If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-one, whichever first occurs. To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course.... Upon request for notification of the child's grades by the noncustodial parent, the child shall produce the required documents to the noncustodial parent within thirty days of receipt of grades from the education institution. If the child fails to produce the required

---

**4.** *Murphy* interpreted the provisions of former Rule 73.01(c). The provisions of that rule were transferred, in essentially the same form, to Rule 84.13(d) effective January 1, 2000.

documents, payment of child support may terminate without the accrual of any child support arrearage and shall not be eligible for reinstatement. . . .

§ 452.340.5. The October motion asserted that Father was entitled to have his child support obligation as to Daughters terminated due to noncompliance with the foregoing requirements. He bore the burden of proof on that issue. *Scott v. Clanton,* 113 S.W.3d 207, 211–12 (Mo.App.2003); *see Wiest v. Wiest,* 273 S.W.3d 545, 549 (Mo. App.2008); *Garrison v. Garrison,* 147 S.W.3d 925, 930 (Mo.App.2004); *Randolph v. Randolph,* 8 S.W.3d 160, 164 (Mo.App. 1999). After considering the evidence, the trial court agreed with Father and ruled that Mother and Daughters had failed to comply with the requirements of § 452.340.5.

■ In Mother's first point, she contends the trial court's ruling that the documents provided to Father failed to comply with § 452.340.5 was not supported by the evidence, was against the weight of the evidence and involved a misapplication of the law. Mother argues that the documents provided to Father substantially complied with the statutory requirements. We disagree.

When Father filed the October motion, both Elise and Deanie were 18 years old. In order for them to remain eligible for continued child support, Mother or Daughters had to comply with the requirements of § 452.340.5.[5] Elise had completed two semesters at Longview, and Deanie had completed one semester at WRSM. In order to remain eligible for continuing child support, either the child or Mother had to

give Father: (1) a transcript or similar official document provided by the institution which included the courses each child had completed for each term, as well as the grade and credits received for each such course; and (2) an official document from the institution listing the courses in which the child is enrolled for the upcoming term and the number of credits for each such course. § 452.340.5. The only evidence concerning the identity of the documents delivered to Father came from Ingala's affidavit and the school records attached to it. According to Ingala, he provided two pages of school records to Father on October 28, 2008. The Longview schedule for Elise that was attached to the affidavit, however, stated that it had been printed on December 3, 2008. Likewise, the WRSM letter attached to the affidavit bore the date of December 1, 2008. On appeal, we are required to view the evidence and all reasonable inferences derived therefrom in the light most favorable to Father, who prevailed below. *See Vanderpool v. Vanderpool,* 250 S.W.3d 791, 795 (Mo.App.2008). Based upon the December dates on the face of the attached school records, the trial court reasonably could have found that these documents were not delivered to Father as Ingala stated in his affidavit. *See Ray Klein, Inc. v. Kerr,* 272 S.W.3d 896, 901–02 (Mo.App. 2008). On appeal, we must defer to the trial court's determination of the witnesses' credibility and the weight to be assigned to their testimony. *In re Marriage of Dolence,* 231 S.W.3d 331, 333–34 (Mo.App.2007). "The trial court is free to believe all, none, or part of the testimony

---

5. Although this subdivision of the statute says the child must provide this information, it has been interpreted to allow the parent receiving child support to provide the requisite information to the obligated parent. *See McFadden v. McFadden,* 200 S.W.3d 594, 598 n. 2 (Mo.App.2006); *Windsor v. Windsor,* 166 S.W.3d 623, 630–31 (Mo.App.2005); *Spencer v. Spencer,* 126 S.W.3d 770, 774 (Mo.App. 2004). Mother does not contend that the other exception found in § 452.340.4 has any application here.

of any witness." *Youngberg v. Youngberg*, 194 S.W.3d 886, 889 (Mo.App.2006).

Assuming *arguendo* that the two school records attached to the affidavit were the items delivered to Father around October 28, 2008, our decision would not change. The Longview document was simply Elise's class schedule for the Fall 2008 semester. It was not a transcript or similar official document from Longview listing the courses Elise had completed during her prior two semesters, the credit hours for such classes and her grades. *See* § 452.340.5; *Wiest v. Wiest*, 273 S.W.3d 545, 550 (Mo.App.2008). The WRSM letter was even more deficient. It also was not a transcript or similar official document from WRSM listing the courses Deanie had completed the prior semester, the credit hours for such classes and her grades. § 452.340.5; *Wiest*, 273 S.W.3d at 550. In addition, this letter did not constitute an official document from WRSM listing the courses Deanie was taking during the Fall 2008 semester and the credit hours for each course. *See Wiest*, 273 S.W.3d at 550. Finally, neither school record had been provided to Father at the beginning of the semester as required. *See id.* (document provided in March 2007 for the Spring 2007 semester was untimely); *Peine v. Peine*, 200 S.W.3d 567, 571–73 (Mo.App.2006) (document provided on October 4, 2004 for the Fall 2004 semester was untimely); *Windsor v. Windsor*, 166 S.W.3d 623, 633 (Mo.App.2005) (transcript provided on September 13, 2002 for the Fall 2002 semester was untimely).

After reviewing the record, we conclude the trial court's decision that Mother and Daughters failed to comply with the reporting requirements of § 452.340.5 is supported by the evidence, is not against the weight of the evidence and did not result from a misapplication of the law. Consequently, Point I is denied.

■ In Mother's second point, she contends the trial court erred. by terminating Father's obligation to pay child support for Daughters. Mother argues that the trial court only should have abated Father's child support obligation for the Fall 2008 semester. We disagree.

Prior case law had interpreted § 452.340.5 to mean that a failure to comply with the notification requirements merely abated the child support obligation for that semester. *See, e.g., Shands v. Shands*, 237 S.W.3d 597, 602 (Mo.App. 2007). In response to decisions like *Shands*, § 452.340.5 was amended by the legislature in 2007 to include the following language:

**Upon request for notification of the child's grades by the noncustodial parent, the child shall produce the required documents to the noncustodial parent within thirty days of receipt of grades from the education institution. If the child fails to produce the required documents, payment of child support may terminate without the accrual of any child support arrearage and shall not be eligible for reinstatement.**

(bold in original). 2007 Mo. Laws 734–35. This amendment took effect on August 28, 2007. 2007 Mo. Laws vii. Therefore, the abatement analysis used in cases like *Shands* is no longer applicable if the trial court decides to terminate child support, as permitted by the amendment to § 452.340.5, based upon the child's failure to timely produce required documents concerning his or her grades.

Based upon our review of the record, Father first requested in April 2008 that he be provided with documents from Daughters' educational institutions showing their grades. Father's request for such information was renewed in the Octo-

ber 2008 motion. The record does not reflect that Father was ever provided with such documents. Pursuant to the plain language of the 2007 amendment to § 452.340.5, the trial court had the discretionary authority to terminate, rather than simply abate, Father's obligation to pay child support for Daughters. Point II is denied.

The judgment of the trial court is affirmed.

BARNEY and RAHMEYER, JJ., Concur.