

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| CHRISTINE ANN LOLLAR, | ) | No. ED106488 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 16SL-DR03988 |
| | ) | |
| RICHARD DWAIN LOLLAR, | ) | Honorable Thea Anne Sherry |
| | ) | |
| Respondent. | ) | FILED: May 7, 2019 |

## OPINION

Christine Ann Lollar ("Wife") appeals from the "Amended Judgment/Decree of Dissolution of Marriage" ("Amended Judgment") of the trial court claiming that the trial court erred with respect to its order for child support and in its distribution of marital property. We affirm in part, reverse in part, and remand.

### Factual and Procedural Background

Wife and Richard Dwain Lollar ("Husband") married on April 25, 2005, and one child ("Child") was born of the marriage who was eleven years old at the time of trial. Husband and Wife separated on December 9, 2015 after Husband was incarcerated while facing charges of statutory sodomy in the first degree, child molestation in the first degree, and statutory rape in the first degree involving Child. On July 15, 2016, Wife filed a Petition for Dissolution of Marriage ("Petition"), subsequently amended on July 12, 2017, alleging, *inter alia*, that her marriage with Husband was irretrievably broken, that she should be granted sole legal and

physical custody of Child and child support, that Child's name should be changed, and requesting that the trial court equitably set aside and divide the parties' marital property.

A guardian ad litem ("GAL") was appointed to represent Child's interests, and a trial commenced on October 18, 2017 before a Family Court Commissioner ("Commissioner"). At trial, Wife testified that after Husband allegedly abused Child, she sought and obtained against Husband a full order of child protection, dated December 28, 2015 in Cause No. 15SL-PN05238, and a full order of adult protection, dated December 28, 2015 in Cause No. 15SL-PN05237 (collectively referred to as "Orders of Protection"). When Wife offered the Orders of Protection into evidence, Husband stipulated to their existence and contents, but he made no admission of guilt as to the allegations contained therein, which purportedly included claims of physical abuse against Wife and sexual abuse against Child. The GAL informed the Commissioner that the Orders of Protection mandated that Husband pay $1,500 per month in child support to Wife.

Wife acknowledged that there were times during the marriage in which Husband asked her to obtain employment due to the family's financial circumstances, but she believed it was more important to stay at home with Child. Wife testified that now, however, she works as an administrative assistant and makes $22,000 per year. Wife testified that she did not believe that Husband was receiving an income given his incarceration, and therefore waived maintenance and the request for child support she initially made in her Petition. As for the division of property, Wife testified that she sought to retain all property in her possession, including the parties' television, computer, dishes, and kitchen items; to remain responsible for all debts in her name; to be granted the parties' 2015 Chevrolet Cruze and be responsible for the loan, licenses, and other fees associated with the vehicle; and to receive 100% of Husband's 401(k) retirement account, which he had obtained through his employment with Lanter Delivery. Wife further

2

requested that Husband retain all property in his possession and remain responsible for all debts in his name while receiving no part of his 401(k) account. Husband stipulated to this property division except as to Wife's request for 100% of his 401(k). Beyond Wife's testimony that she believed Husband's 401(k) contained less than $5,000, no evidence was produced as to its actual value.

Wife further testified that after Husband's incarceration, she used the proceeds from his last paychecks from his employer as well as the parties' tax refund to "pa[y] all the [credit card] debt that was in [her] name" as well as to pay bills, utilities at the family's residence, and property taxes on Wife's vehicle and Husband's Ford Mustang. Wife testified that she thereafter voluntarily surrendered Husband's vehicle to the credit union and that she moved out of the parties' residence, giving Husband's personal items, motorcycle, and clothes to Husband's sister.

On November 17, 2017, the Commissioner entered its "Judgment/Decree of Dissolution," which the trial court adopted as its own judgment on December 29, 2017. Therein, the trial court dissolved the parties' marriage, awarded Wife sole legal and physical custody of Child, and divided the marital property. The trial court awarded Wife the 2015 Chevrolet Cruze; all personal property in her possession; and responsibility for credit card debts in her name along with 50% of outstanding bills and taxes amounting to a total debt of approximately $11,000. The trial court awarded Husband all personal property in his possession; 100% of his 401(k) account (no value listed); and responsibility for credit card debts in his name as well as 50% of outstanding bills and taxes amounting to a total debt of approximately $12,800. The trial court awarded "$0.00 per month" in child support retroactive to July 15, 2016, the date Wife filed her initial Petition, and "supersede[d] the previous [child support] order in 15SL-PN05237." The trial court also abated the previous child support order "from December 11, 2015 up to the date

3

of filing [of] the Petition," July 15, 2016. Finally, the trial court denied Wife's request for a name change for Child.

On January 16, 2018, Wife filed a motion for new trial or, in the alternative, to amend the judgment alleging that the trial court erred in entering a child support award with a start date predating the filing of the Petition, erred in failing to equitably divide the marital property, and erred in failing to grant a name change for Child. On February 1, 2018, the trial court entered its Amended Judgment, which granted a name change for Child. On February 28, 2018, the trial court denied Wife's motion for new trial on the remaining grounds. Wife's timely appeal follows.

## Standard of Review

We review a dissolution judgment under the same standard applicable to any other court-tried case. Finch v. Finch, 442 S.W.3d 209, 214 (Mo. App. E.D. 2014). Thus, we will affirm the judgment "unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." Id. (quoting Foraker v. Foraker, 133 S.W.3d 84, 92 (Mo. App. W.D. 2004)); Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and all reasonable inferences that can be drawn in the light most favorable to the judgment; we disregard all other evidence and contrary inferences. Id.

"The trial court has broad discretion when dividing marital property and awarding child support." Hurst v. Hurst, 553 S.W.3d 853, 857 (Mo. App. E.D. 2018). The trial court abuses this discretion "only when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration." Id. (quoting Coleman v. Coleman, 318 S.W.3d 715, 720 (Mo. App. E.D. 2010)) (internal quotations omitted).

<u>Child Support</u>

In her first point, Wife argues that the trial court abused its discretion by reducing

Husband's child support obligation from the Orders of Protection for the period of December 11,

2015 to July 15, 2016 because the trial court lacked authority to do so. Specifically, Wife asserts

that by applying its child support order to a time predating the filing of her Petition on July 15,

2016, the trial court contravened Section 452.340 RSMo 2000[1,2]. We agree.

> Section 452.340 provides, in relevant part, that:
>
> In a proceeding for dissolution of marriage,…the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for the support of the child, including an award *retroactive to the date of filing the* [*dissolution*] *petition*, without regard to marital misconduct, after considering all relevant factors including:
>
> (1) The financial needs and resources of the child;
>
> (2) The financial resources and needs of the parents;
>
> (3) The standard of living the child would have enjoyed had the marriage not been dissolved;
>
> (4) The physical and emotional condition of the child, and the child's educational needs;
>
> (5) The child's physical and legal custody arrangements, including the amount of time the child spends with each parent and the reasonable expenses associated with the custody or visitation arrangements; and
>
> (6) The reasonable work-related child care expenses of each parent.

Section 452.340.1 (emphasis added). "Pursuant to Section 452.340.1, the trial court is permitted

to order retroactive child support [in dissolution of marriage proceedings] at its discretion."

<u>Morgan v. Morgan</u>, 497 S.W.3d 359, 375 (Mo. App. E.D. 2016). "Although the vast majority of

---

[1] Unless otherwise indicated, all further statutory references are to RSMo 2000 as amended.
[2] Wife does not contest that the trial court had the authority to enter an award of "$0.00 per month" retroactive to the date of the filing of her Petition.

appellate cases applying the retroactive child support statute commences or increases a paying-parent's financial liabilities, the plain language of [] Section 452.340.1[] does not prohibit the retroactive award of child support which *decreases* a paying-parent's financial liabilities." Id. (emphasis added). Nevertheless, "accrued and unpaid installments of child support obligations become judgments in favor of the custodial parent." Ballard v. Hendricks, 877 S.W.2d 232, 235 (Mo. App. W.D. 1994). Although trial courts have discretion under Section 452.340.1 to award retroactive child support, that discretion extends only to the date the petition for dissolution was filed, and Missouri courts have determined that an award predating that filing constitutes an abuse of discretion. Section 452.340.1; Wiest v. Wiest, 273 S.W.3d 545, 549 (Mo. App. S.D. 2008).

In its Amended Judgment, the trial court awarded "$0.00 per month" in child support retroactive to July 15, 2016," and also ordered an abatement of Husband's child support obligation from the Orders of Protection "from December 11, 2015 up to the date of filing [of] the Petition," July 15, 2016. The trial court explained that it ordered a reduction for this period because "Husband was incarcerated and remains incarcerated and unable to secure employment." Wife contends that the trial court's reduction of Husband's child support obligation "from December 11, 2015 up to the date of filing the Petition" violated Section 452.340 because the December 11, 2015 start-date of the award predated the July 15, 2016 filing of her Petition.

Wiest is dispositive on this point. In Wiest, after a husband and wife separated, the wife filed a petition for dissolution of marriage on January 12, 2006. Id. at 549. At the time of filing, the parties' son was eighteen years old but was still attending high school. Id. at 547-48. After a trial, the trial court ordered the husband to pay the wife child support in the amount of $1,217 per month retroactively to January 1, 2016, and the husband appealed, arguing, in part, that he had

6

no obligation to pay child support because the parties' son was not a minor at the time of trial. Id. at 548-49; see also Section 452.340.3. The court first noted that, while a parent's obligation to pay child support generally ceases when the child reaches eighteen, the trial court did not abuse its discretion in deciding to award retroactive child support because an exception applied under Section 452.340.5, since at the time the dissolution petition was filed, the son was enrolled in a secondary school program and had not yet reached the age of twenty-one. Id. at 549. The court determined, however, that the portion of the order mandating child support retroactive to January 1, 2006 *was* an abuse of discretion because that start date predated the January 12, 2006 filing of the wife's dissolution petition, and therefore, violated Section 452.340.1. Id. at 549.

Here, Wife filed her Petition on July 15, 2016. The trial court, however, entered a child support order eliminating Husband's child support obligation retroactive to December 11, 2015, the date Wife filed her separate order of protection case. Because the child support start date predated the filing of Wife's Petition and purported to alter a separate final judgment, that portion of the trial court's child support order contravened Section 452.340, constituted an abuse of discretion, and must be vacated. Point I is granted.

<u>Husband's 401(k)</u>

In her second point, Wife argues that the trial court abused its discretion in awarding Husband a disproportionate amount of property, namely granting Husband all of his 401(k) account, because there was no substantial evidence to support that disproportionate award. We disagree.

"The trial court is vested with broad discretion in dividing marital property." <u>L.R.S. v. C.A.S.</u>, 525 S.W.3d 172, 183 (Mo. App. E.D. 2017). "A division of marital property need not be an equal division, but must only be fair and equitable given the circumstances of the case." Id.

7

(quoting Workman v. Workman, 293 S.W.3d 89, 96 (Mo. App. E.D. 2009)) (internal quotations omitted). Thus we will disturb the trial court's property division "only if the division is so heavily weighted in favor of one party as to amount to an abuse of discretion." Id. We presume that the trial court's division of property is correct, and the party challenging the property division bears the burden of overcoming the presumption. Id. at 184. "Funds that are used to pay marital debts or ordinary living expenses are not considered dissipated." Valentine v. Valentine, 400 S.W.3d 14, 27 (Mo. App. E.D. 2013). "Even if the evidence could have supported a different division, we defer to the trial court's findings because it is in the best position to determine the sincerity and credibility of witnesses, weigh conflicting evidence, and judge other trial intangibles not revealed by the transcript." L.R.S., 525 S.W.3d at 184.

In this case, Wife argues, and we agree, that her use of marital funds to pay marital debt was not dissipation of assets. Additionally, Wife argues that awarding all of the 401(k) account to Husband, especially in light of Husband's own misconduct, was an abuse of discretion. Nevertheless, Wife offered no evidence to establish the actual value of the 401(k) account. The trial court, in turn, explicitly found that no credible evidence as to the account's value had been presented. "The parties have an equal burden to present evidence of the value of marital property." Cosby v. Cosby, 291 S.W.3d 795, 799 (Mo. App. E.D. 2009). As such, "[a] complainant should not be rewarded for presenting insufficient evidence of property values." Smith v. Smith, 682 S.W.2d 834, 836 (Mo. App. E.D. 1984). Here, "[t]he trial court faced the difficult task of making a fair and equitable division of the parties' marital property without complete information about the identity and value of that property." Flora v. Flora, 426 S.W.3d 730, 741 (Mo. App. S.D. 2014). Given the trial court's overall distribution of property and debts, and absent evidence of the 401(k)'s value, we cannot say that the trial court abused its discretion

in awarding that marital asset to Husband. See id. at 741 ("Husband will not be heard to complain that he should have been awarded additional property based on a lack of evidence that he could have supplied from his own first-hand knowledge."); and In re Marriage of Julian, 868 S.W.2d 182, 186-87 (Mo. App. E.D. 1994) (husband's failure to present evidence of value of wife's pension plan contributed to his waiver of any interest in such property). Point II is denied.

Conclusion

The Amended Judgment is reversed in part, affirmed in part, and remanded with directions to enter an amended judgment in conformity with this opinion.

_____
Honorable Mary K. Hoff

Philip M. Hess, Presiding Judge and Robert G. Dowd, Jr., Judge:  Concur