Calvin BROWN, Appellant,

v.

Debra BROWN, Respondent.

No. WD 74067.

Missouri Court of Appeals,
Western District.

July 24, 2012.

Howard L. Lotven, Kansas City, MO, for appellant.

Debra A. Brown, Respondent Pro .Se, for respondent.

Before: JOSEPH M. ELLIS, P.J., and ALOK AHUJA and MARK D. PFEIFFER, JJ.

ALOK AHUJA, Judge.

Calvin Brown ("Father") filed an affidavit for termination of his child-support obligation, claiming that his daughter Brittany Brown ("Daughter") was more than eighteen years old, and that his child-support obligation was not extended by Daughter's enrollment at the University of Missouri–Kansas City ("UMKC"). The circuit court ruled that Father was obligated to pay Daughter support for three of the four college semesters at issue. Father appeals. Because we conclude that Father did not receive timely documentation of Daughter's grades for two of the challenged semesters, and because she failed to complete twelve credit hours of classes in the remaining semester, we reverse.

## Factual Background

The marriage of Father and Debra Ann Brown ("Mother") was dissolved on November 26, 1991. Mother was awarded custody of Daughter, who was born in March 1991; Father received visitation rights, and was ordered to pay $404.00 per

month in child support. Father subsequently moved out of state; prior to the hearing in this case, he did not have contact with either Mother or Daughter for approximately fifteen years.

In 2009, Daughter graduated from high school, and enrolled as a full-time student at UMKC in the Fall. On August 11, 2009, Father requested documentation of Daughter's college enrollment from the Jackson County Prosecutor's Office (which then served as his point-of-contact for payment of child support); he ultimately received a copy of Daughter's student identification card and an unofficial schedule for the upcoming semester. On January 19, 2010, Father requested a transcript of Daughter's Fall 2009 grades and credits received, as well as a schedule for the Spring 2010 semester. On January 26, 2010 he received from the Clay County Prosecutor's Office (which had become Father's point-of-contact) a class schedule for the Spring 2010 semester. On July 1, 2010, Father received a copy of Daughter's Spring 2010 grades. The record contains no evidence that Father received any transcript of Daughter's grades for the Fall 2009 or Fall 2010 semesters, or a Spring 2011 class schedule, prior to the trial held on April 19, 2011; the trial court's judgment finds that he received that information only at trial.

On March 31, 2010, Father initiated the present proceedings by filing an affidavit for termination of his child support obligation. Mother filed an acknowledgment and answer to the affidavit, noting that Daughter was a full-time college student at UMKC, and that Father had been in contact with the Clay County Prosecutor's Office concerning Daughter's transcripts and grades.

The circuit court set the matter for hearing on October 19, 2010. The Post Office returned the notice of hearing mailed to Mother as undeliverable, prompting the court to continue the hearing until November 1. Although the notice for the November 1 hearing was also returned as undeliverable, the hearing was nonetheless held; Mother did not appear. On November 2, 2010, the circuit court entered an order terminating Father's child support obligations.

The circuit court thereafter granted Mother's motion to set aside the order based on her lack of notice of the November 1, 2010 hearing. A further hearing was held on April 19, 2011, at which Father, Mother, and Daughter testified, and various exhibits were admitted in evidence. In its Judgment entered on June 14, 2011, the circuit court found:

- Father was obligated to pay support for the **Fall 2009** semester (Daughter's first college semester) because he had received sufficient notice of Daughter's college enrollment in the form of a copy of her student identification card and unofficial Fall 2009 class schedule;

- Father was obligated to pay support for **Spring 2010** because he had received a Spring 2010 course schedule on January 26, 2010, at the beginning of the semester;

- Father was *not* obligated to pay support for **Fall 2010** because he had not received timely notice of the classes in which Daughter was enrolled for the Fall 2010 semester, or of her grades for courses taken in the Spring 2010 semester; and

- Father was obligated to pay support for the **Spring 2011** semester because he received Daughter's official transcript for all prior semesters, as well as her class schedule for the Spring 2011 semester, at trial on April 19, 2011.

Father appeals the circuit court's judgment with respect to the three semesters for which he was held liable for child support.

## Standard of Review

This court will review the judgment of the trial court under the standard of review applicable to any other court-tried case. The judgment will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

*Peine v. Peine*, 200 S.W.3d 567, 571 (Mo. App. W.D.2006) (other citation omitted).

## Analysis[1]

■ "Section 452.340.5 [2] provides for the continuation of child support benefits past the age of eighteen if the child enrolls in an institution of vocational or higher education by the October following their graduation from high school and if certain attendance, academic and notice requirements are met." *Div. of Family Servs. ex rel. Lair v. Portincaso*, 347 S.W.3d 596, 598 (Mo.App. S.D.2011) (citation and internal quotation marks omitted). Section 452.340 states in pertinent part:

If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-one, whichever first occurs. To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course.... When enrolled in at least twelve credit hours, if the child receives failing grades in half or more of his or her courseload in any one semester, payment of child support may be terminat-

---

1. Mother did not file a Brief on appeal. While "[t]here is no penalty for a respondent failing to file a brief[,][t]hat omission ... requires this court to adjudicate the appellant's claims of error without benefit of whatever argument respondent might have made in response." *Browning v. GuideOne Specialty Mut. Ins. Co.*, 341 S.W.3d 897, 899 n. 2 (Mo. App. W.D.2011) (citation and internal quotation marks omitted).

In addition to challenging the merits of the trial court's Judgment, Father also argues that the circuit court lacked authority to set aside its initial November 2, 2010 order under Rules 74.05 and 74.06. Given our disposi-

tion, we need not address this procedural question. We note, however, that in light of Father's concession that the November 2, 2010 ruling was not denominated as a "judgment," it appears that Rules 74.05 and 74.06 did not restrict the trial court's discretion to reconsider what was merely an interlocutory order. *See, e.g., Gregory v. Baker*, 38 S.W.3d 473, 475 (Mo.App. E.D.2001); *Davis v. Dep't of Soc. Servs.*, 15 S.W.3d 42, 44–45 (Mo.App. W.D.2000).

2. All statutory references are to 2000 edition of the Revised Statutes of Missouri, as updated by the 2011 Cumulative Supplement.

ed and shall not be eligible for reinstatement. Upon request for notification of the child's grades by the noncustodial parent, the child shall produce the required documents to the noncustodial parent within thirty days of receipt of grades from the education institution. If the child fails to produce the required documents, payment of child support may terminate without the accrual of any child support arrearage and shall not be eligible for reinstatement.... A child who is employed at least fifteen hours per week during the semester may take as few as nine credit hours per semester and remain eligible for child support so long as all other requirements of this subsection are complied with.

As *Peine* explains, under § 452.340.5,

during the first semester of college following graduation from high school, eligibility for continued child support may be established simply by proof of enrollment. In each subsequent semester, to remain eligible for child support, the student must provide both parents with a transcript or similar official document from the institution showing: (1) the courses enrolled in; (2) the courses completed for each semester; (3) the grades and credits received for each completed course; and (4) a transcript from the institution listing for the upcoming semester: (a) the courses enrolled in and (b) the number of credits for each course.

*Peine v. Peine*, 200 S.W.3d 567, 572 (Mo. App. W.D.2006) (citation and internal quotation marks omitted). In other words, for each semester after the first, the parent providing support must receive documentation showing the child's courses (enrolled and completed), grades and credits for the previous semester, as well as the courses in which the child is enrolled, and the credits for those courses, for the upcoming semester.

"We liberally construe the provisions of section 452.340.5 to be consistent with the public policy of promoting the pursuit of higher education." *Portincaso*, 347 S.W.3d at 599 (citations and quotation marks omitted). "Father's claim that Child failed to comply with section 452.340.5 is ... an affirmative defense to the pleading." *Scott v. Clanton*, 113 S.W.3d 207, 212 (Mo.App. S.D.2003). "Case law teaches that Father, as the party seeking to abate his child support obligation, bears the burden of raising this defense. A party seeking abatement of his or her child support obligation based on § 452.340 provisions bears the burden of proof on that claim." *Id.* at 211–12 (citation and internal quotation marks omitted); *see also In re Marriage of Noland–Vance*, 344 S.W.3d 233, 238 (Mo.App. S.D.2011); *Wiest v. Wiest*, 273 S.W.3d 545, 549 (Mo. App. S.D.2008).

"Prior case law had interpreted § 452.340.5 to mean that a failure to comply with the notification requirements merely abated the child support obligation for that semester." *Noland–Vance*, 344 S.W.3d at 239. "In response to [these decisions], § 452.340.5 was amended by the legislature in 2007 to include" the provisions allowing for termination, rather than just abatement, of support. *Id.* "Accordingly, our courts have read the amendment's plain language as the trial court's 'discretionary authority to terminate, rather than simply abate,' a parent's obligation to pay child support." *Schubert v. Schubert*, 366 S.W.3d 55, 67 (Mo.App. E.D.2012) (quoting *Noland–Vance*, 344 S.W.3d at 240).

Given that each semester presents its own unique issues, we examine the semesters in which Father disputes his child-support obligation one-by-one.

## 1. Fall 2009

■ For the Fall 2009 semester, the circuit court found that Father received timely documentation of Daughter's college enrollment. Although Father argues that the documents provided to him did not satisfy § 452.340.5, that is a moot point, because Daughter was ineligible for child support for the Fall 2009 semester for a separate reason: she did not complete twelve hours of credit for the semester.

Section 452.340 provides that, "so long as the child enrolls for and completes at least twelve hours of credit each semester . . . the parental support obligation shall continue." In this case, Daughter's Fall 2009 transcript reflects that she enrolled in twelve hours of classes, but received passing grades in only nine; for the remaining three-hour class, her transcript lists a "W" in place of a letter grade, indicating that she withdrew from the class.

As *Paden v. Kerns,* 318 S.W.3d 304 (Mo. App. W.D.2010) explains, "[w]here a student voluntarily withdraws from a class prior to its completion, he or she clearly fails to meet the requirements of the statute that the student complete the class." *Id.* at 307. In certain circumstances, however, a "W" can be tantamount to a failing grade and can, therefore, constitute course "completion" for the purposes of § 452.340.5.[3] In *Paden,* a "W" was treated as the equivalent of an "F" because the child in that case was involuntarily withdrawn from the class, at a time when "the instructor had the choice of assigning a grade of 'W' or 'F' to the student" as a result of his performance in the course; the instructor chose to assign a "W" as an "act of leniency . . . to spare [the child's]

grade point average from an 'F'." *Id.* at 308. Thus, in *Paden,* "[t]he college effectively informed [the child] that he had already failed the course and that it no longer wanted him present in the classroom." *Id.*

In this case, the "W" assigned to Daughter in the Fall of 2009 cannot be considered the equivalent of a failing grade, or course completion. Daughter testified that she voluntarily withdrew from the classes indicated on her transcript with a "W", and that she would have been successful in those classes if she had completed them. Moreover, the explanation of grades on Daughter's transcript indicates that a "W" means "withdrawn," an "F" means "failing," and a "WF" means "withdrawn failing"; both an "F" and a "WF" are assigned 0.0 grade points, while a "W" has no grade-point value whatsoever. Daughter's voluntary withdrawal from a three-hour class, which she could have successfully completed, cannot be considered the equivalent of course completion under the *Paden* rationale.

■ The twelve-hour minimum credit requirement is reduced to nine hours if a child "is employed at least fifteen hours per week during the semester." § 452.340.5. The trial court found that Daughter "worked 15 hours per week most weeks." The trial court's finding is contrary to the evidence, however, and cannot serve as the basis for excusing Daughter from the obligation to complete twelve credits of classes each semester. Daughter testified that, during her college career, she "only ha[d] 12 weeks where [she] worked 15 or more hours a week." Moreover, the payroll records admitted into evidence reflect that Daughter was paid for less than thirty hours per two-week pay

---

**3.** *Paden* clarified that, under the 2007 amendments, a child is not required to *successfully* complete twelve hours of classes; both passing and failing grades constitute "completion." 318 S.W.3d at 307 n. 2.

period more than half of the time during the Fall 2009 semester; she averaged less than 27.5 working hours per two-week period during the semester (excluding the final exam period). While Daughter may have exceeded fifteen working hours in certain individual weeks, the evidence does not support a finding that she was "employed at least fifteen hours per week during the [Fall 2009] semester," as § 452.340.5 requires in order to be subject to the reduced credit requirement.

Because Daughter did not complete twelve hours of credit, the trial court erred in holding Father liable for child support for the Fall 2009 semester.

### 2. Spring 2010

■ The circuit court found that Father's child-support obligation continued during the Spring 2010 semester because Father received a copy of Daughter's Spring 2010 course schedule on January 26, 2010. However, the court also found that Father did not receive Daughter's Fall 2009 grades until April 19, 2011, the day of trial. Father was entitled to receive the prior semester's courses, credits, and grades "at the beginning of [the Spring 2010] semester." *See* § 452.340.5 ("[A]t the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child ... has completed for each term [and] the grades and credits received for each such course."). Because he was not timely provided Daughter's Fall 2009 grades, Father had no obligation to pay child support for the Spring 2010 semester.

In addition, Daughter failed to complete twelve credit hours for this semester. Her transcript indicates that although she enrolled in fourteen hours of classes, she only received final grades (passing or failing) in

nine hours of classes, and withdrew from the other five hours. As we explained above, Daughter testified that these withdrawals were voluntary, and that she was not failing the discontinued classes; in light of that testimony, Daughter cannot be considered to have "completed" the classes from which she withdrew. Daughter's failure to complete twelve credit hours in the Spring 2010 semester separately renders her ineligible for continuing child support during that semester.

### 3. Spring 2011

Finally, for the Spring 2011 semester, the circuit court held that Father's child-support obligation continued "because on April 19, 2011 [, the date of trial], Father received her official transcript which includes all grades and credits earned and the course[s] she is enrolled in."

■ Section 452.340.5 requires that parents receive the required college documentation "at the beginning of each semester." We have held that the statute should be applied "with flexibility," and that notice need not necessarily be provided *"before or on the exact day* the semester commences." *Owsley v. Brittain,* 186 S.W.3d 810, 816–17 (Mo.App. W.D.2006) (en banc). Nevertheless, April 19, 2011, was not "at the beginning" of the Spring 2011 semester: coursework for the semester started more than three months earlier, and ended less than one month later. Notice provided three-quarters of the way through a college semester, closer to the semester's end than its beginning, is untimely, even under the most "flexib[le]" conceivable reading of § 452.340.5. *See, e.g., Noland–Vance,* 344 S.W.3d at 239 (documents purportedly delivered to father on October 28, 2008, were untimely with respect to the Fall 2008 semester); *Wiest v. Wiest,* 273 S.W.3d 545, 550 (Mo.App. S.D.2008) (required documents provided to father in

discovery in dissolution proceeding in March 2007; "The untimely furnishing of these documents long after the beginning of the Spring 2007 semester did not comply with § 452.340.5."); *Peine v. Peine*, 200 S.W.3d 567, 576 (Mo.App. W.D.2006) ("October 4, 2004, is not 'at the beginning' of the fall 2004 semester, which began on August 30, 2004. . . . Notice provided five weeks into the semester is not 'at the beginning' of the semester.").

Because Daughter did not provide Father with her Spring 2011 course schedule "at the beginning" of the semester, we reverse the trial court's holding that Father's obligation to support Daughter continued during the Spring 2011 semester.

## Conclusion

The circuit court's finding that Father's child-support obligation continued during the Fall 2009, Spring 2010, and Spring 2011 semesters is reversed, and the case is remanded for further proceedings consistent with this opinion.[4]

All concur.

---

4. This opinion holds only that Daughter was ineligible for continued child-support payments during the listed time periods. The record is unclear as to whether Father actually made child-support payments for all or part of the relevant time period. Because the issue was not briefed or argued, we do not decide whether Father would be entitled to a refund or reimbursement of any such payments, or a credit for such payments against any other unsatisfied child-support obligation. *See, e.g., Wilkins v. Wilkins*, 300 S.W.3d 594, 600 (Mo.App. E.D.2009); *Peine*, 200 S.W.3d at 574–75.