

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STEVEN C. HALPER, | ) | ED108064 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court of |
| | ) | the County of St. Charles |
| v. | ) | 1011-FC03459-02 |
| | ) | |
| KAREN L. HALPER, | ) | Honorable Erin S. Burlison |
| | ) | |
| Respondent/Cross-Appellant. | ) | Filed: July 14, 2020 |

## OPINION

Steven C. Halper ("Father") appeals the judgment after trial upon his motion for contempt and motion to enforce judgment and Karen L. Halper's ("Mother") motion for contempt, motion to determine sums due and owing, and petition in equity. Mother crossappeals. We affirm.

## BACKGROUND

The parties have an extremely complicated and protracted history of litigation.[1] The current difficulties began in 2011 when the parties reached a settlement in their dissolution

---

[1] We recognize that both appellate attorneys have represented their respective clients since the original 2012 dissolution judgment and are very familiar with this long history. However, among other deficiencies, both briefs failed to provide "a fair and concise statement of the facts relevant to the questions presented for determination

proceeding, which was commemorated on the record in court dissolving their marriage and dividing their substantial separate and marital property ("*Halper I*"). Subsequently, the parties were unable to agree upon final settlement documents. Mother sought a new trial date and Father moved to enforce the settlement. The trial court denied both motions and found that "sufficient evidence had been presented through the testimony of the parties that a judgment could be entered."

Based on this record, the trial court entered its judgment and decree of dissolution of marriage on February 2, 2012. Father was awarded sole legal and physical custody of their two children. Neither party requested child support, thus the trial court deemed it was not "reasonable or necessary." However, the judgment provided "both [Father] and [Mother] shall be responsible for one-half of any costs for tuition, room, board, books, and fees for both minor children to attend any college for a period of four years."

At the time of the dissolution, the parties jointly owned approximately eighty-two percent of SKMDV, Inc., which had a significant interest in a pending legal malpractice suit. The dissolution judgment was silent as to the specifics, but referenced a large account set aside to fund the litigation. The parties stipulated and the trial court awarded Father sixty percent and Mother forty percent of any of the proceeds from the lawsuit, with each party receiving "one-half of the proceeds remaining" in the account at the conclusion of the litigation.[2] Mother subsequently attempted to repudiate the settlement as an incomplete division of assets, which was rejected by the trial court.

---

without argument." Rule 84.04(c). The briefs omitted significant and relevant facts, rather than complying with Rule 84.04(c), and defining the scope of the controversy thereby affording our court "an immediate, accurate, complete and unbiased understanding of the case." *Wong v. Wong*, 391 S.W.3d 917, 919 (Mo. App. E.D. 2013).

*Hoover*, 581 S.W.3d 638, 640 (Mo. App. W.D. 2019). While we exercise our discretion to review non-compliant appellate briefs *ex gratia* when the argument is understandable, we cautiously exercise this discretion because each

Thus, this court was required to conduct its own in-depth review of the record for all three *Halper* cases. Rule 84.04 sets forth requirements for appellate briefing and compliance with these requirements is mandatory. *Hoover v.* time we do so, we send an implicit message that substandard briefing is acceptable, which it is not. *Scott v. King*, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017).

[2] At trial in this matter, the parties testified $1,000,000 was set aside prior to the dissolution settlement and was expected to fully fund all litigation in the legal malpractice case, so there was no stipulation in the event expenses exceeded the fund. However, unforeseen legal complications have rendered the fund insufficient.

This court affirmed the judgment in *Halper v. Halper,* 391 S.W.3d 1 (Mo. App. E.D. 2012). In the memorandum supporting the order, our court held that Mother waived her right to raise the issue regarding any property the trial court had inadvertently omitted from the judgment because she failed to file an after-trial motion requesting the trial court to amend its judgment or enter a new one. As a result, Mother's only option was to file a suit in equity to address her undivided property allegations.

Mother filed a new and separate cause of action in equity ("*Halper II*"), asserting multiple claims.[2] However, her sole issue related to the litigation account was regarding payment of her personal attorney fees. At trial, Father conceded the parties agreed her lawyer would be paid $1,500 from the litigation account. The trial court's September 3, 2014 judgment ordered Mother's attorney paid "so long as the litigation continues and there are funds in the litigation escrow account. Thereafter, each party shall bear any fees they incur related to the litigation." The pleadings did not raise—and the judgment did not consider—the eventuality of insufficient funds in the litigation account.

Six months later Mother commenced the cause of action underlying this appeal when she filed a contempt motion in the dissolution case on March 27, 2015 ("*Halper III*"). Mother also

---

[2] The trial court declined to review Father's counterclaims pertaining to the costs and expenses related to the children.

filed a second petition in equity, asserting for the first time that the litigation account was exhausted. She requested each party be required to continue to fund the account according to the 60-40 proceed division in *Halper I.* On March 26, 2016, Father filed his motion for contempt, and Mother filed a motion for amounts due and owing on April 5, 2016. Father filed his motion for amounts due and owing and a motion to enforce the judgment on November 28, 2016, specifically seeking reimbursement in the amount of $149,089 for their daughter's ("Daughter") college expenses, even though she had graduated approximately six months earlier.

At trial, Mother testified that neither Father nor Daughter ever provided her with any documentation regarding her continued eligibility for support as required by Section 452.340.[3] Father did not dispute Mother's testimony and submitted Daughter's entire deposition—over Mother's objection—for the proposition Daughter had reasonable grounds to not to comply with the statute and disclose this information due to her contentious relationship with Mother.

As to the litigation account, Father testified he was receiving sixty percent of the proceeds because he was managing the lawsuit on behalf of the company, and the corporation's bylaws dictate that they equally bear any costs. Other evidence suggested the parties each historically paid half of such expenses. On April 16, 2019, the trial court issued its judgment denying all contempt motions. The court found that Daughter failed to provide statutory notice sufficient to obligate Mother to pay college expenses and denied Father's motion to enforce the judgment. Finally, the trial court found the September 3, 2014 judgment in *Halper II* resolved the litigation fund issue, but clarified the parties shall equally fund future litigation expenses.

This appeal follows.

---

[3] All statutory references are to RSMo (2016), unless otherwise indicated.

4

## DISCUSSION

Father raises two points on appeal and Mother cross-appeals. Father's first point contends the trial court made a mistake of law and acted without jurisdiction by terminating Mother's child support obligation because no party petitioned for such termination nor was it raised as an affirmative defense by Mother. In his second point on appeal, Father argues the trial court abused its discretion by terminating Mother's child support obligation because it was against public policy to apply the statutory notice requirements governing the payment of college expenses to Daughter. In her cross-appeal, Mother argues the trial court erred in its determination that both parties shall bear an equal share of future litigation expenses because it is an unequal division of martial property and debts, unsupported by law or fact.

### Standard of Review

Our court applies the standard of review set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) in a court-tried action. *Hazelbaker v. Hazelbaker,* 475 S.W.3d 143, 146 (Mo. App. E.D. 2014). "Thus, we will affirm the court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or the decision erroneously declares or applies the law." *Pogue v. Pogue*, 590 S.W.3d 384, 386 (Mo. App. E.D. 2019). This court is primarily concerned with the correctness of the result decided, not the route taken to reach it; thus, the trial court's judgment will be affirmed if it is sustainable on any ground supported by the record. *Wuebbeling v. Wuebbeling*, 574 S.W.3d 317, 327 (Mo. App. E.D. 2019). Moreover, "we defer to the trial court's credibility determinations because of its superior position to observe the sincerity and character of witnesses, as well as intangibles not evident from the record." *S.F.G. by Next Friend A.E.R. v. A.M.G.*, 591 S.W.3d 907, 916 (Mo. App. E.D. 2019) (internal quotations omitted).

Point One

In point one, Father contends the trial court made a mistake of law and acted without jurisdiction by terminating Mother's child support obligation because no party petitioned the trial court for such termination nor was it raised as an affirmative defense.

*Analysis*

As a preliminary matter, we must discuss whether Father's first point was properly preserved. "Under Rule 78.07,[4] with a few exceptions, all allegations of error must be properly presented in a motion for new trial to be preserved for appellate review." *Smith v. Brown & Williamson Tobacco Corp.*, 410 S.W.3d 623, 641 (Mo. banc 2013). However, Rule 78.07(a)(1) specifically provides that "[q]uestions of jurisdiction over the subject matter" need not be included in such motion to be preserved. Since Father characterizes his point on appeal as one of jurisdiction, which falls under an exemption of Rule 78.07, it did not need to be included in his motion for new trial to be preserved and we are required to review it on the merits.

The Supreme Court of Missouri has held that subject matter jurisdiction of Missouri's courts is directly governed by Article V of the Missouri Constitution. *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009). Specifically, Article V, section 14 provides that "[t]he circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal." *Id.* (emphasis in original). Pursuant to the Supreme Court decision in *Webb,* the trial court had "subject matter jurisdiction and, thus, ha[d] the authority to hear this dispute." *Id.* at 254.

---

[4] All references to Rules are to Missouri Supreme Court Rules (2019).

Since the trial court had jurisdiction to hear this case and Father failed to assert his claim that no party petitioned for termination of child support nor was it raised as an affirmative defense to the trial court, we decline to review the remainder of Father's point because "[i]t is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question." *Brown v. Brown*, 423 S.W.3d 784, 787 (Mo. banc 2014).

At trial, Father never raised an objection to any evidence supporting termination of Mother's support obligation. Furthermore, Father—not Mother— admitted Daughter's deposition testimony at trial. Finally, Father failed to raise this issue in his motion for new trial or to amend the judgment. Our court will not convict the trial court of error for failing to take action which was never requested, nor of an error it did not commit. *Hunt v. Hunt*, 65 S.W.3d 572, 577 (Mo. App. S.D. 2002); *Jantz v. Brewer*, 30 S.W.3d 915, 920 (Mo. App. S.D. 2000).

Point one is denied.

## Point Two

Point two argues the trial court abused its discretion by terminating Mother's child support obligation because it was against public policy to require Daughter to comply with the notice requirements necessary to remain eligible for continued support.

### *Analysis*

Generally, child support terminates when a child reaches the age of eighteen. *Braddy v. Braddy*, 326 S.W.3d 567, 572 (Mo. App. E.D. 2010). Section 452.340.5 extends the "continuation of child support benefits past the age of eighteen if the child enrolls in an institution of vocational or higher education by the October following their graduation from high school and if certain attendance, academic and notice requirements are met." *Brown v. Brown*, 370 S.W.3d 684, 687 (Mo. App. W.D. 2012). Specifically, Section 452.340.5 provides:

> To remain eligible for such continued parental support, ***at the beginning of each semester the child shall submit to each parent a transcript or similar official document*** provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course . . . Upon request for notification of the child's grades by the noncustodial parent, the child shall produce the required documents to the noncustodial parent within thirty days of receipt of grades from the education institution. ***If the child fails to produce the required documents, payment of child support may terminate*** without the accrual of any child support arrearage and shall not be eligible for reinstatement.

(emphasis added).

Father contends the trial court abused its discretion by terminating Mother's child support obligation because it was against the public policy of promoting higher education to apply the statutory notice requirements set forth in Section 452.340.5. Father is correct that our court is "to construe the provisions of [Section] 452.340.5 liberally to be consistent with the public policy of promoting the pursuit of higher education." *Cox v. Cox*, 384 S.W.3d 298, 304 (Mo. App. S.D. 2012) (quoting *Pickens v. Brown*, 147 S.W.3d 89, 92 (Mo. App. W.D. 2004)). However, when the language of a statute is clear and unambiguous there is no room for construction. *Id.*

Father argues because Mother never requested college documentation that Daughter is somehow excused from complying with the statutory notification requirements. Father's argument is without merit as it conflates two separate provisions within Section 452.340.5. First, the statute's plain and unambiguous language states "the child shall submit" college documentation at the beginning of each semester to remain eligible for continued support. *Brown,* 370 S.W.3d at 687; Section 452.340.5 ("To remain eligible for such continued parental support, at the *beginning of each semester the child shall submit to each parent* a transcript or similar official document. . . ." (emphasis added)). A second provision within this statute

8

concerns the noncustodial parent's request for grades. Failure to comply with this provision does not mandate, but may result in termination of a parent's support obligation.

Case law also supports that the child is required to provide some form of contemporaneous or prior notification at the beginning of each semester to impose a continued parental support obligation under Section 452.340.5. *See Peine v. Peine*, 200 S.W.3d 567, 573 (Mo. App. W.D. 2006); *Brown*, 370 S.W.3d at 690–91. The notification requirements of Section 452.340.5 serve to notify the noncustodial parent of a child's enrollment and "insure that their children are using [their] child support payments to actually obtain a college education." *Schubert v. Schubert,* 366 S.W.3d 55, 67 (Mo. App. E.D. 2012) (internal quotations omitted). As such, a parent's failure to request a child's academic record does not excuse the child from their responsibility to provide notification of their college enrollment and timely provide the required documentation.

Furthermore, while courts have applied the statute with flexibility so that notice does not necessarily need to be provided before or on the exact day the semester commences, this application is not unlimited. *Brown*, 370 S.W.3d at 690. As a result, notice provided weeks after the commencement of the semester has been considered untimely, even under the most generous interpretation of Section 452.340.5. *See id.* at 690–91; *see also In re Marriage of Noland-Vance*, 344 S.W.3d 233, 239 (Mo. App. S.D. 2011) (finding documents purportedly delivered to father weeks after the beginning of the semester were untimely with respect to that specific semester); *Wiest v. Wiest*, 273 S.W.3d 545, 550 (Mo. App. S.D. 2008) ("The untimely furnishing of these documents long after the beginning of the Spring 2007 semester did not comply with [Section] 452.340.5."); *Peine*, 200 S.W.3d at 576 ("Notice provided five weeks into the semester is not 'at the beginning' of the semester."). Daughter's statutory compliance approximately six months ***after graduation*** would result in a ridiculous interpretation of the statute. Thus, the trial court

9

did not abuse its discretion in its common sense application of Section 452.340.5 by finding Daughter failed to timely comply with the notice requirements.

Moreover, Father also fails to recognize this court's deference to the trial court's findings by asserting an abuse of discretion in applying the statutory notice requirements to Daughter because evidence was presented that Mother emotionally and physically abused her. However, the trial court clearly considered the testimony of witnesses, including Daughter's deposition testimony, and decided what to believe or disbelieve. As such, we grant great deference to the trial court's credibility determinations regarding this issue. *A.M.G.*, 591 S.W.3d at 916.

After setting forth the requirements to remain eligible for support, Section 452.340.5 further provides that if the child fails to provide grades upon the request of the noncustodial parent, "child support *may* terminate," which "implies alternate possibilities and that the conferee of the power has discretion in the exercise of the power." *Schubert*, 366 S.W.3d at 69. However, this provision is inapplicable to this case because Mother did not receive statutory notice of a continuing obligation to support Daughter and cannot be consequently faulted for not requesting Daughter's grades as Father contends. Thus, the trial court did not err in terminating Mother's child support obligation under Section 452.340.5.

Point two is denied.

Cross-Appeal

*Analysis*

On cross-appeal, Mother argues the trial court erred in holding both parties shall bear equal shares of the costs of the malpractice litigation because it is an unequal division of marital property and debts without any basis in law or fact. Specifically, Mother claims the trial court

10

employed an impermissible standard when the dissolution judgment awarded her forty percent of the marital interest in the litigation, but ordered her to pay fifty percent of the litigation debt.

Before discussing whether Mother properly preserved her claim of error for appellate review, it is important to note that Mother's point on cross-appeal is different from Father's, because he asserted a jurisdictional issue which mandates review even if not preserved for appeal. However, as to Mother's cross-appeal which raises no jurisdictional issues, "[a]ny motion for new trial and any motion to amend the judgment or opinion shall be filed not later than thirty days after the entry of judgment." Rule 78.04. The purpose of an after-trial motion is "to give the circuit court the opportunity to correct its own errors without appellate court intervention." *Smith*, 410 S.W.3d at 641.

In fact, in *Halper II*,[5] the trial court discussed this court's memorandum supporting its order in *Halper I* as to why Mother was proceeding in equity, rather than in the dissolution cause of action, as follows:

> [A]ny error made by the [t]rial [c]ourt was inconsequential and that [Mother] herein had waived her right to indict the [t]rial [c]ourt when she failed to point out the [t]rial [c]ourt's error, prior to the commencement of the Appeal process, by filing a post-judgment Motion for New Trial, to Amend or to Reopen the evidence, alerting the [t]rial [c]ourt to any property in the record that it had erroneously and inadvertently left out.

*See May v. O'Roark*, 329 S.W.3d 410, 413 (Mo. App. W.D. 2011) ("Where marital property has been omitted from a trial court's judgment distributing property in a dissolution action and the judgment is final, the remedy is to bring a separate suit in equity to determine the proper disposition of the property.").

---

[5] Mother also filed an appeal in *Halper II*, which she subsequently dismissed.

Mother has once again repeated the same procedural error of raising an issue on appeal that was not preserved for appellate review. Here, Mother did not file a motion for a new trial or other after-trial motion, which would have provided the trial court the opportunity to correct any potential error in finding *Halper II* decided this issue when it clearly did not because it was not raised in that case nor was it ripe as there were still funds in the litigation account at trial in 2014. Accordingly, we cannot review Mother's claim of error asserted on cross-appeal because she failed to timely present it in a motion for new trial or other after-trial motion.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

_____

Lisa P. Page, Judge

Philip M. Hess, P.J. concurs.
Kurt S. Odenwald, J., concurs in a separate concurring opinion.

12



# In the Missouri Court of Appeals
# Eastern District

| | | |
|---|---|---|
| STEVEN C. HALPER, | ) | ED108064 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the County of St. Charles |
| v. | ) | 1011-FC03459-02 |
| | ) | |
| KAREN L. HALPER, | ) | Honorable Erin S. Burlison |
| | ) | |
| Respondent/Cross-Appellant. | ) | Filed: July 14, 2020 |

## CONCURRING OPINION

I concur but write separately to underscore my concern regarding the failure of both parties to follow the very clear and mandatory rules of appellate procedure. The parties' failure required this Court to undertake an exhaustive review of the record in order to present the fair and concise statement of facts required by Rule 84.04(c). This Court was extremely generous in gratuitously entertaining this appeal. Had this Court invested itself to such an extent on behalf of only one of the parties, we could be seen as advocating for that party—something we cannot and will not do. It is only the equal failings of both parties that prevented this Court from becoming an advocate of one party over another.

Unfortunately, this Court has seen a growing number of briefs that seem to cavalierly cast aside the pleading requirements set forth in Rule 84.04. My tolerance is coming to an end for the disregard of these very clear and long-standing rules, whether by design or otherwise. I need not repeat the admonition expressed by this Court in Footnote No. 1 except to state that had I authored the opinion, I would have concluded the opinion with Footnote No. 1 and dismissed the appeal.

_____
Kurt S. Odenwald, Judge