

# In the
# Missouri Court of Appeals
# Western District

KEITH HENDERSON,

        **Appellant,**

v.

**STATE OF MISSOURI, DEPARTMENT OF SOCIAL SERVICES, FAMILY SUPPORT DIVISION,**

        **Respondent.**

**WD83628**

**OPINION FILED:**

**JUNE 1, 2021**

---

**Appeal from the Circuit Court of Cole County, Missouri
The Honorable Patricia S. Joyce, Judge**

**Before Division Three: Karen King Mitchell, Presiding Judge, Gary D. Witt, Judge,
Anthony Rex Gabbert, Judge**

Keith Henderson appeals the judgment of the Cole County Circuit Court modifying a prior child support order. In his sole point on appeal, Henderson claims the trial court erred as a matter of law because the statutory requirements were not met. The judgment is reversed and remanded.

## Facts

On May 28, 2008, the Harrison County Circuit Court entered judgment dissolving the marriage of Keith Henderson ("Father") and Lisa Henderson ("Mother"). A child support order was issued ordering neither parent to provide medical insurance and ordering Father to pay $200 per month for the support of two children, born in May 1999 and November 2001.

In 2017, the State of Missouri, Department of Social Services, Family Support Division ("the FSD") reviewed the case pursuant to Mother's request. On June 27, 2018, the FSD filed a motion for modification of judicial child support order requesting that Father's support obligation be increased. Father requested an administrative hearing. He alleged: Father was unemployed; the oldest child was 19 years old; and Father was not informed that the oldest child was attending college.

On October 3, 2018, Mother and Father appeared by telephone for an administrative hearing. Father presented no evidence at the hearing regarding the oldest child's alleged emancipation. The only documentary evidence pertaining to the oldest child's college attendance was a Child Status Questionnaire completed by Mother attesting that the children had always met state law requirements for current support to continue and an admissions letter addressed to the oldest child. The letter was dated May 21, 2018 and had the name and location of the institution redacted. A Child Support Specialist for the FSD also appeared and admitted evidence. The hearing officer rebutted the Form 14 and computed a revised Form 14 showing a presumed child support amount of $1197 per month. The testimony at the hearing focused on Mother and Father's income, employment, expenses, and provision of health insurance for the children. The only testimony regarding the oldest child's age or attendance at a secondary school was when Mother testified: "It costs me over $3000 just to put [oldest child] in college." The hearing officer issued a Proposed Modification Decision and Order on November 1, 2018. The proposed order increased Father's child support obligation from $200 to $1197 per month effective September 3, 2018.

On December 11, 2018, Father filed a petition for judicial review in the Cole County Circuit Court contesting the FSD's proposed child support modification. Father claimed that the proposed order did not consider his actual income, that his unemployment benefits are usually exhausted,

and that he has not been provided with evidence that his oldest child is attending college and is not emancipated.

On February 13, 2020, the Cole County Circuit Court found that a modification is appropriate under section 454.496.[1]  It concluded that the presumed child support amount calculated by the FSD using the Form 14 is $1197 per month.  The court determined $1197 per month is just and appropriate.  The court further found that the proposed modification complied with section 452.340, section 454.603, and Rule 88.01.  Father was ordered to pay $1197 per month in support of the two children effective September 3, 2018.

This appeal follows.

## Standard of Review

"On appeal from an administrative child support order, we review the decision of the [agency] and not that of the circuit court." *Abernathy v. Abernathy*, 445 S.W.3d 638, 640 (Mo. App. E.D. 2014) (internal quotation marks omitted).  "Our review is limited to a determination of whether the administrative decision was constitutional, was supported by competent and substantial evidence upon the whole record, was authorized by law, was made upon lawful procedure, was not arbitrary, capricious, or unreasonable, or was not an abuse of discretion." *Id*. (internal quotation marks omitted) (citing § 536.140).  "We defer to the agency's findings of fact but ... [not to the] agency's interpretation, application, or conclusions of law...." *Id*. (internal quotation marks omitted).

## Analysis

---

[1] All statutory citations are to RSMo 2016 as updated through the most recent cumulative supplement unless otherwise indicated.

In his sole point on appeal, Henderson claims the trial court erred as matter of law in approving the administrative order and in dismissing his petition for judicial review. He states that the court abused its discretion and that it misinterpreted and misapplied the law. Henderson argues that the administrative order did not comply with the requirements of section 452.340 regarding the continuation of the parental support obligation after the child reaches the age of eighteen years old.

"Generally, child support terminates when a child reaches the age of eighteen." *Halper v. Halper*, 604 S.W.3d 904, 910 (Mo. App. E.D. 2020). "Section 452.340.5 extends the continuation of child support benefits past the age of eighteen if the child enrolls in an institution of vocational or higher education by the October following their graduation from high school and if certain attendance, academic and notice requirements are met." *Id*. (internal quotation marks omitted). Section 452.340.5 provides in relevant part:

> If when a child reaches age eighteen, the child is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue, if the child continues to attend and progresses toward completion of said program, until the child completes such program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-one, whichever first occurs. To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course. When enrolled in at least twelve credit hours, if the child receives failing grades in half or more of his or her courseload in any one semester, payment of child support may be terminated and shall not be eligible for reinstatement. Upon

4

request for notification of the child's grades by the noncustodial parent, the child shall produce the required documents to the noncustodial parent within thirty days of receipt of grades from the education institution. If the child fails to produce the required documents, payment of child support may terminate without the accrual of any child support arrearage and shall not be eligible for reinstatement. If the circumstances of the child manifestly dictate, the court may waive the October first deadline for enrollment required by this subsection. … A child who is employed at least fifteen hours per week during the semester may take as few as nine credit hours per semester and remain eligible for child support so long as all other requirements of this subsection are complied with.

Section 452.340.5 has two separate provisions. *Halper*, 604 S.W.3d at 910. "First, the statute's plain and unambiguous language states 'the child shall submit' college documentation at the beginning of each semester to remain eligible for continued support." *Id*. "A second provision within this statute concerns the noncustodial parent's request for grades." *Id*. "Failure to comply with this provision does not mandate, but may result in termination of a parent's support obligation." *Id*. "Case law also supports that the child is required to provide some form of contemporaneous or prior notification at the beginning of each semester to impose a continued parental support obligation under Section 452.340.5." *Id*. at 910-11.

"The notification requirements of Section 452.340.5 serve to notify the noncustodial parent of a child's enrollment and insure that their children are using [their] child support payments to actually obtain a college education." *Id*. at 911 (internal quotation marks omitted). "As such, a parent's failure to request a child's academic record does not excuse the child from their responsibility to provide notification of their college enrollment and timely provide the required documentation." *Id*. "Furthermore, while courts have applied the statute with flexibility so that notice does not necessarily need to be provided before or on the exact day the semester commences, this application is not unlimited." *Id*.

"[D]uring the first semester of college following graduation from high school, eligibility for continued child support may be established simply by proof of enrollment." *Brown v. Brown*, 370 S.W.3d 684, 688 (Mo. App. W.D. 2012) (internal quotation marks omitted).

> In each subsequent semester, to remain eligible for child support, the student must provide both parents with a transcript or similar official document from the institution showing: (1) the courses enrolled in; (2) the courses completed for each semester; (3) the grades and credits received for each completed course; and (4) a transcript from the institution listing for the upcoming semester: (a) the courses enrolled in and (b) the number of credits for each course.

*Id.* (internal quotation marks omitted).

"We liberally construe the provisions of section 452.340.5 to be consistent with the public policy of promoting the pursuit of higher education." *Id.* (internal quotation marks omitted). A claim that a child failed to comply with section 452.340.5 is an affirmative defense to the pleading. *Id.* The party seeking termination of a child support obligation bears the burden of raising the defense and the burden of proof on that claim. *Id.*

In the current case, the oldest child was born in May 1999 and turned 18 years old in May 2017. The FSD motion for modification was filed in June 2018, when the oldest child was 19 years old. Father's request for an administrative hearing was four sentences long and read as follows:

> I would like to Request an Administrative Hearing:
>
> 1. I'm currently on unemployment (Will send in as soon as received)
> 2. [Oldest Child] (5-16-1999) is 19 years of age,
> 3. Was not informed that [Oldest Child] (5-16-1999) is going to college.

(Capitalization, format, and punctuation reproduced as in original). Father's request presented only three issues for the hearing to resolve. Two of those three issues involved the oldest child's alleged emancipation.

6

The administrative hearing was held in October 2018. Father appeared at the administrative hearing over the phone without legal counsel. Father was questioned about his age, education, employment history, and provision of health insurance for the children. When he was done answering questions, Father was asked if he had anything he wanted to add that was not asked of him. Father replied he did not.

Mother was questioned about her income, age, education, and the children who lived in her home. When asked why the current child support was no longer sufficient, Mother replied:

> $200 on teenagers, $100 on [youngest child] and $100 on [oldest child]. It costs me over $3,000 just to put [oldest child] in college. And [youngest child] is a teenager and $100 doesn't even buy at least two or three pairs of pants for school and food on my table.

After Mother was done testifying, Father was asked if he had any questions for Mother. He replied that he did not.

One of the documents admitted into evidence was a purported college acceptance letter for the oldest child. The letter was dated May 2018 and indicated acceptance beginning the fall of 2018. The letterhead and every reference to the institution was redacted so that it is not known what institution sent the letter. The letter referenced the "class of 20221" which presumably is an error and an intention to reference the class of 2021 or 2022. The letter states that the oldest child has been awarded a scholarship in the amount of $11,000 per year for a total investment of $44,000. The letter also discusses the "transition to college life and college level curriculum."

The administrative hearing officer issued the proposed modification and decision order in November 2018. The administrative order did not address the oldest child's age, when the oldest child graduated from high school, or whether the oldest child qualified for child support pursuant to section 452.340.5 by virtue of continued education. Instead, it focused on Mother and Father's

actual income, imputed income, unemployment benefits, and Form 14 calculations. The administrative order also referenced "the minor children" even though only one child was a minor at that time.

Section 454.475.3 provides in relevant part:

> After full and fair hearing, the hearing officer shall make specific findings regarding the liability and responsibility, if any, of the alleged responsible parent for the support of the dependent child….

Section 454.475.1 provides that administrative hearings regarding child support shall be conducted pursuant to chapter 536 which pertains to administrative procedure and review. Section 536.090 provides in relevant part:

> Every decision and order in a contested case shall be in writing … shall include or be accompanied by findings of fact and conclusions of law. The findings of fact shall be stated separately from the conclusions of law and shall include a concise statement of the findings on which the agency bases its order….

"Absent specific findings of fact, a reviewing court cannot conduct meaningful review." *Heller v. City of St. Louis*, 580 S.W.3d 87, 90 (Mo. App. E.D. 2019). "While findings regarding each factor may not be necessary, … Section 536.090 …, has been interpreted to mean facts sufficiently specific to enable the court to review the decision intelligently and ascertain if the facts afford a reasonable basis for the order without resorting to the evidence." *Id*. at 91 (internal quotation marks omitted).

Father's request for an administrative hearing clearly raised the issue of the oldest child's emancipation. Mother's testimony referenced the oldest child's college attendance. A document admitted into evidence pertained to the oldest child's college admittance but not attendance. No evidence was presented regarding if or when Father was notified about the oldest child's college attendance as required by section 452.340.5 or even if the oldest child was actually attending

8

college. The proposed order's complete failure to address the issue of the oldest child's alleged emancipation makes it impossible for any court to meaningfully review what the hearing officer found with respect to the oldest child's emancipation and whether that finding was error within our standard of review. Accordingly, we must reverse and remand. *See, e.g., Heller*, 580 S.W.3d at 92.

The FSD argues to this court that there was no evidence of emancipation because no party raised the issue at the administrative hearing. It claims it is unfair to fault the administrative order for not addressing that issue since no party raised it. We disagree for the reasons discussed above.

The FSD further argues that the issue of emancipation is not yet ripe for appeal because Father's affidavit for termination is still pending in a trial court. It specifically cites section 452.340.12(3) which provides:

> The obligation of a parent to make child support payments may be terminated as follows:
> (3) The obligation shall be deemed terminated without further judicial or administrative process when the parent paying child support files a sworn statement or affidavit with the court which entered the order establishing the child support obligation, or the family support division for an order entered under section 454.470, stating that the child is emancipated and reciting the factual basis for such statement; which statement or affidavit is served by the court or division, as applicable, on the child support obligee; and which is either acknowledged and affirmed by the child support obligee in writing, or which is not responded to in writing within thirty days of receipt by the child support obligee;

The administrative hearing was held in October 2018. Father filed a petition for judicial review in Cole County in December 2018. In March 2019, while the petition for judicial review was still pending in Cole County, the FSD filed a petition in the Harrison County Circuit Court (where the original support order was entered) asking the court to approve the same administrative order pending before the Cole County Circuit Court. The Harrison County Circuit Court initially approved the order, also in March 2019. It vacated its

judgment, however, in June 2019 once it was made aware of the proceedings in Cole County and that the Cole County Circuit Court was reviewing the exact same order. Father subsequently filed an affidavit of termination in the Harrison County Circuit Court in July 2019. That is the last docket entry in that case.

In its brief, the FSD argues that the issue of emancipation is not yet ripe for appeal because the affidavit filed in the Harrison County case has not been "ruled upon." While FSD correctly cites section 452.340.12(3) in its brief, it ignores the language in that section that "[t]he obligation shall be deemed terminated *without further judicial or administrative process* when the parent paying child support files a sworn statement or affidavit with the court … which is not responded to in writing within thirty days of receipt by the child support oblige." (emphasis added). The docket entries reflect that nothing has been filed in response to the affidavit filed in Harrison County. There is nothing for the court to rule upon.[2]

The point is granted.

### Conclusion

The judgment is reversed. We remand to the circuit court with directions to reverse the decision and remand to the FSD with directions for the hearing officer to make findings of fact and conclusions of law based on the evidence already presented, or, if necessary, to hear additional evidence and then enter its order. *See, e.g., Heller*, 580 S.W.3d at 92; *Pettigrew v. Hayes*, 196 S.W.3d 53, 57 (Mo. App. W.D. 2005); *Honderick v. Honderick*, 984 S.W.2d 205, 214–15 (Mo. App. W.D. 1999).

---

[2] The hearing officer's proposed order found that Father's increased support obligation began on September 3, 2018. The Harrison County affidavit was not filed until July 2019.

10

_____
Anthony Rex Gabbert, Judge

All concur.

11